MEMPHIS & CHARLSTON RAILROAD COMPANY *v.* PETER S. GLOVER ET AL.

1. RAILROADS. *Receivers. Stock gaps. Cattle guards. Statutory penalty. Code* 1892, § 3561.

Receivers of a railroad are liable as such for the statutory penalty, under code 1892, § 3561, imposed on railroads for failure to construct and maintain necessary or proper stock gaps and cattle guards where their tracks pass through inclosed lands.

2. SAME. *Purchaser at receiver's sale. Revivor.*

If, pending a suit against the receivers of a railroad to recover the statutory penalty for a failure to construct cattle guards, etc., the defendants cease to be receivers and the road be sold, the purchaser of that part of the road which is in this state cannot resist proceedings to revive the suit against him on the ground that he did not buy the parts of the road which are in other states, and acquired none of its rolling stock.

3. SAME. *Decree. Deed.*

A purchaser of a railroad at a receiver's sale, under a decree providing that he shall pay any liability incurred by the receiver, and whose deed also so provides, is liable for the statutory penalty for a failure to construct cattle guards, etc., incurred by the receiver.

4. SAME. *Proceedings to revive. Plea to merits. Waiver. Code* 1892, § 669.

The purchaser of a railroad at a receiver's sale, against whom proceedings have been taken to revive a suit begun against the receiver, who pleads to the merits of the suit, cannot obtain a reversal of a judgment against him on the ground that the revival was unauthorized and illegal, even if he so pleads after his answer to the revival proceedings is adjudged insufficient. Code 1892, § 669, considered.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Glover and another, the appellees, were plaintiffs in the court below; the railroad company, the appellant, was defendant there. The defendant sued, under code 1892, § 3561, for the statutory penalty imposed upon railroads for failure to·construct or maintain necessary or proper cattle guards and stock gaps where their tracks pass through inclosed land. The suit was originally against Charles M. McGhee and Henry Fink, receivers of the (original) Memphis & Charleston Railroad Co., who were, at the beginning of the suit, and had been for several years, operating the railroad. The receivers demurred to the declaration, but the demurrer was overruled. Before any other steps were taken in the case, the railroad was sold and the receivers discharged. The original defendants pleaded their discharge, and their plea was adjudged to be valid and sufficient. Plaintiffs then sought by appropriate proceedings to revive the suit against the (new) Memphis & Charleston Railroad Co., a Mississippi corporation which had purchased that part of the railroad which lies in this state. The last named company appeared and moved to quash the proceedings to revive the suit on the ground that it was unauthorized by law, and also because plaintiff's action was barred by limitation. The court below overruled the motion, whereupon the railroad company (the new one) answered the proceedings to revive. Its answer was adjudged insufficient, and the cause was revived against it. It then pleaded to the declaration, and a trial was had upon the merits, resulting in a judgment for plaintiff, from which the railroad company (the new one) appealed to the supreme court.

*W. J. Lamb*, for appellant.

The duty to construct and maintain all necessary or proper stock gaps and cattle guards is not imposed by the common law upon railroad companies. It is a duty imposed alone by

statute, and the statute in this state imposes this duty alone upon the railroad company, and it does not impose this duty upon the receivers of railroad companies, and the court cannot extend the provisions of the statute so as to include receivers. The statute imposing this duty upon railroad companies is a penal statute and must be strictly construed, and cannot be extended by implication so as to include within its provisions receivers of railroad companies.

Code 1892, § 3561; *Railroad Co.* v. *Dixon*, 61 Miss., 119; *Fairchild* v. *Railroad Co.*, 62 Miss., 177; *Bond* v. *Railroad Co.*, 23 Am. & Eng. Railroad Cases, 608; *L. & E. W. Ry. Co.* v. *People*, 42 Ill. App., 387; *State* v. *C., R. I. & P. Ry. Co.*, 19 Mo. App., 104; *Railroad Co.* v. *Anderson*, 76 Miss., 582.

The receivers, the appointees of the United States circuit court, are owners neither of the receipts of the road nor of the road from which they are derived. If the owners of the road are not to bear the penalty of their neglect, we are at loss to know who should bear this burden. Certainly not the receivers, who are operating this road under an order of the United States circuit court. *Hoechner* v. *Railroad Co.*, 67 Fed. Rep., 456; *Railroad Co.* v. *Commonwealth*, 13 Am. & Eng. Railroad Cases, 369; *Railroad Co.* v. *Russell*, 23 Am. & Eng. Railroad Cases, 151; 2 McCrary U. S. Cir. Rep., p. 444.

Where, by a statute, an absolute duty, liability or penalty is imposed upon a railroad company, the corporation is liable therefor, notwithstanding its affairs have passed into the hands of a receiver. 20 Am. & Eng. Enc., 391; Beach on Receivers, sec. 723; *Railroad Co.* v. *Cauble*, 46 Ind., 277; *Railroad Co.* v. *Wood*, 24 Kan., 619; *Railroad Co.* v. *Fitch*, 20 Ind., 498; *Railroad Co.* v. *Russell*, 115 Ill., 52.

Receivers cannot be held to a specific performance of a contract made by a railroad company. Then, how can they be held liable for a penalty incurred by the negligence of the railroad company? Beach on Receivers, sec. 725; *Henderson* v.

*Walker, Receiver*, 55 Ga., 481; *Brown et al.* v. *Warner*, 45 Am. & Eng. Railroad Cases, 96.

There is no statute in this state which allows a *scire facias* to issue against a corporation, and our statutes which give the right to revive by such a writ only applies to natural persons, and the railway company's motion to quash the writ of *scire facias* should have been sustained.

Our statutes for bringing in parties to pending suits relates to natural persons only. Therefore the writ of *scire facias* does not lie in this case. *Torry* v. *Robertson*, 24 Miss., 192; *Shackleford* v. *Railroad Co.*, 52 Miss., 159.

It is contended by counsel for appellees that § 669 of the code of 1892 gives them the right to have this case revived against the Memphis & Charleston Railroad Company. This statute cannot be made to embrace a case like the one now before the court. The statute provides that no suit shall abate against public officers in their official capacity, or by or against trustee or commissioners, or by or against those who occupy a similar position. The statute specifically provided for those against whom or for whom a suit shall not abate, and it does not make any provision that will include a case like this one.

The Memphis & Charleston Railroad Company, appellant, is not the successor of the receivers of the old Memphis & Charleston Railroad Company, either in right, title or interest.

The decree of the United States court made the Southern Railway Company liable for any and all liabilities of the receivers, in case there is any liability, and, if there is any liability to the appellees, it is the Southern Railway Company that owes it, and not the Memphis & Charleston Railroad Company.

The Memphis & Charleston Railroad Company, in its answer to the *scire facias*, also relies on the statute of limitations as a reason why this suit should not be revived against it, and says that, if the appellees ever had the right to have their suit revived against it, they lost their right by reason of the fact

that more than one year had passed since the right of action accrued to the appellees. The statute of limitations having commenced running while the road was in the hands of receivers, it continues to do so, and their discharge does not stop the statute. *Robertson* v. *Alford,* 13 Smed. & M., 513; *Abbott* v. *McElroy,* 10 Smed. & M., 100.

The statute of limitation as a defense was perfect and complete when the appellees moved to revive, and it must be a complete defense to their right to revive. *Flatlet* v. *Railroad Co.,* 9 Heis., 230; *Grinder* v. *Stephens,* 1 Heis., 280; *Crofford* v. *Cothran & Neil,* 2 Sneed, 275; *Ross* v. *Sims,* 27 Miss., 361; *Railroad Co.* v. *Orr,* 52 Miss., 541.

*Mayes & Harris,* on same side.

It is settled beyond any question, since the decision of this court in the case of *Shackleford* v. *Railroad Co.,* 52 Miss., 159, that a writ of *scire facias* does not lie to revive an action against a corporation. Since that decision was rendered there have been two revisions of the laws of this state, 1880 and 1892, in neither of which has any provision been made to meet the decision in this case. Two codes have been adopted since the decision in *Railroad Co.* v. *Shackleford, supra,* and the court must read the statutes in the light of that decision, and it must be taken as settled that the legislature intended to leave the law of this state to stand as announced in that decision. The motion, therefore, to quash the writ of *scire facias* in the case at bar should have been sustained, and the judgment rendered against the Memphis & Charleston Railroad Company should be set aside. Section 669 of the Code of 1892, which is relied on by the counsel for the appellee, is not at all applicable to a case of this character.

*J. M. Boone,* for appellee.

The court did not err in overruling the demurrer to the declaration. The liability of the receivers is absolutely settled

by the United States statute, the judiciary act of 1875, as amended in 1887 and 1888, approved August 13, 1888, 25 St. at L., 433, which provides, "that, whenever in any court of the United States there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state in which such property shall be situated, in the same manner that the owner or possessor would be bound to do if in possession thereof." This act, also found in Foster's Federal Practice, 653, is held to apply to all courts, state and federal. *Malott* v. *Shiner*, 153 Ind., 35, s.c. 74 Am. St. Repts., 278. Prior to this statute some of the states had held that a receiver of a railroad was not subject to regulation by state statutes. and as most of the railroads were then in the hands of receivers, our Senator George made his great fight in the passage of this act, and made many radical changes. Section 4336 of the code of 1892 in its definition of a railroad is also sufficient answer to this contention.

Independent of either of the above statutes, receivers of railroads are liable under said section. Beach on Receivers, sec. 717, speaking of the liability of receivers, especially of railroads, says: " Being actually engaged in business, justice to those with whom they deal demands that they shall be held to the same accountability, whether their liability arises in contract or tort."

In *Little* v. *Dusenberry*, 46 N. J. Law, 641, the liability of receivers is discussed and many cases reviewed, and the court, all the judges concurring, say: " It can hardly be said, as a result of an examination of these and many other cases referred to in them, that it is settled that a receiver of an insolvent railroad corporation may not be sued at law, where he is conducting the business of the company as a common carrier for the transportation of passengers and freight for hire, and when the defense is not set up that the action is brought without leave of the court appointing him." On the contrary, it appears that

with such leave he may be sued at law, and that it accords with sound principles and reason that a receiver exercising the franchise of a railroad in his official capacity shall be held amenable to the same rules of liability that are applicable to the company, while it exercises the same powers of operating the road. *Sprague* v. *Smith*, 29 Vt., 421, sustains the same point. Ellicott on Railroads, vol. 2, sec. 576.

*Klein* v. *Jewett*, 26 N. J. Eq., 474, seems to be a leading case on this subject, and is often referred to and followed by other cases, and we find this language in it: "A receiver operating a railroad under order of a court of equity, stands, in respect to duty and liability, just where the corporation would were it operating the road, and the question whether or not the receiver is liable for negligence must be tested by the same rules that would be applied if the corporation were the actual party defendant before the court. . . . Upon principle it would seem to be clear that no person can be permitted to exercise the powers and rights of a common carrier, especially when they embrace the franchises granted to a railroad corporation, except subject to the liabilities and duties of a common carrier. Whether the receiver is regarded as the officer of the law or the representative of the proprietors of the corporation or its creditors, or as combining all these characters, he is intrusted with the powers of the corporation, and must therefore be necessarily burdened with its duties and subject to its liabilities. There can be no such thing as irresponsible power, exerting force and authority without being subject to duty, under any system of laws framed to do justice. It is an inseparable condition of every grant of power by the state, whether expressed or not, that it shall be properly exercised, and that the grantee shall be liable for injuries resulting directly and exclusively from his negligence." *Trust Co.* v. *Railroad Co.*, 26 Fed., 12; *Bratlett* v. *Keim*, 35 Am. & Eng. R. R. Cases, 15; *Roxbury* v. *Railroad Co.*, 60 Vt., 121; *Franklin* v. *Jackson*, 30 Fed., 398; *Hochner* v. *Railroad Co.*, 67 Fed., 456; *Rail-*

*road Co.* v. *Davis*, 62 Miss., 271; *Bond* v. *State*, 68 Miss., 648; *State* v. *Railroad Co.*, 35 Am. & Eng. R. R. Cases, 1; *Meara* v. *Holbrook*, 20 Ohio St., 127; *Paige* v. *Smith*, 99 Mass., 395; *Newell* v. *Smith*, 49 Vt., 255; *Meledy* v. *Barbour*, 78 Va., 544; *Kain* v. *Smith*, 2 Am. & Eng. R. R. Cas., 552; *Sloan* v. *Railroad Co.*, 11 Am. & Eng. R. R. Cas., 148.

The question as to whether, under any circumstances, a case can be revived against a corporation is presented. The cases relied upon by appellant were all decided prior to the change on that subject in our laws. This revivor is authorized by § 669 of code of 1892. No such provision as this was ever in our law until after the case of *Shackleford* v. *Railroad Co.*, 52 Miss., so much relied upon by attorneys for appellant.

The appellant is the successor of the receiver, and, as said in the case of *Bond* v. *State*, 68 Miss., 653, "We see no reason for holding otherwise, in this case, than is held in cases generally where persons are sued in a representative capacity, and for any reason cannot be proceeded against further. By proper application, we are of the opinion that the cause may be revived or proceeded with against the successor of the receiver, if intervening rights do not forbid all hope of a fruitful recovery." *Hardee* v. *Gibbs*, 50 Miss., 802, right to revive without statutory authority. That case sets at rest all such contentions in this state.

In reference to the action being barred by limitation of one year, the position is taken that inasmuch as it was over one year from the time of the injury to the time of the petition to revive, the statute applies. In this appellant is evidently mis- taken. This is the same suit originally begun, and it has never abated. Having been brought originally in time, and in the meantime something having happened after suit brought, that necessitates a revivor, but not abatement of the suit. *Railroad* v. *Huffman*, 18 S. W., 741, s. c. 83 Texas, 286; *Lehigh, etc.*, *Co.* v. *Railroad Co.*, 35 Am. & Eng. Railroad Cases, 2.

· Argued orally by *W. J. Lamb*, for appellant, and by *J. M. Boone*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The receivers were liable as such. See *Little* v. *Dusenberry*, 46 N. J. Law, 641; *Klein* v. *Jewett*, 26 N. J. Eq., 476; Beach Rec., sec. 718. Section 669 of the code of 1892 is as follows: "Actions by or against public officers in their official character, or by or against trustees or commissioners in reference to the trust committed to them, or by or against persons who occupy a similar position to that of public officers, trustees, or commissioners, shall not abate on account of the change of the person occupying such position, but may be revived and proceeded with in the name of the successor of such person." It is insisted that the suit against the receivers could not be revived against the appellant, as the successor of the receivers, and that a receiver is not a person similar to a public officer, trustee, or commissioner, within the meaning of section 669. This suit was originally instituted against the receivers. Pending the suit the old Memphis & Charleston Railroad Company was sold by order of the United States circuit court for the western district of Tennessee. At that sale, which was of the whole road as an entirety, the Southern Railroad Company, a corporation chartered under the laws of the state of Virginia, purchased all the property of every kind and description in the states of Tennessee and Alabama, and all elsewhere, except the railroad, real estate, and franchises of the old Memphis & Charleston Railroad Company within the State of Mississippi, which last was purchased by a new corporation by the same name, to wit, Memphis & Charleston Railroad Company, to be chartered by the State of Mississippi, and which was subsequently chartered by the State of Mississippi. It is entirely immaterial that the equipments, chattels, choses in action of the old Memphis & Charleston Railroad Company were all conveyed to the Southern Railroad Company, since what was in-

volved here is the liability to penalty and damages for failure to construct and maintain a suitable cattle guard on that part of the road lying in the State of Mississippi. It was failure to properly deal in this respect with the roadbed and real estate within the State of Mississippi that gave rise to this action. The terms of the decree of the twenty-sixth of February, 1898, expressly provided that "such purchasers, or their successors or assigns [in the plural, and, therefore, embracing appellant], should pay any unpaid indebtedness, obligation, or liability contracted or incurred by the receivers before delivery of the property sold." And the deed made to the appellant in pursuance of this decree expressly recites as a condition compliance with which was essential to the investiture of title in the appellant to the property claimed by it in the State of Mississippi, that such liabilities should be paid by the purchaser. It is thus perfectly clear that the appellant, which accepted this deed, could not take its benefits without fulfilling the obligations it imposed; and one of those obligations was to pay any liabilities incurred by said receivers before delivery of the property sold. It is well settled that under the decree and deed containing such stipulation the appellant is liable. Beach, Rec., sec. 735.

But it is insisted that if the appellant be liable this suit cannot be revived against it by *scire facias*, and that § 669 of the code of 1892 does not authorize such revival, it being insisted that a receiver is not a person, within the meaning of the section, similar to a public officer, trustee or commissioner. We do not think it material to consider, in the attitude of the pleadings in this case, whether technically or literally, the revival was proper under said § 669, for the reason that after the appellant's motion to quash the *scire facias* was overruled it did not stand on the proposition that no such revival could be had, allow judgmet to be taken in the court below, and appeal to this court, presenting that ground, but pleaded generally to its merits, both by its answer and by the plea of the general

issue subsequently filed, and thus entered its appearance. This course was a complete waiver of any right to insist upon an improper revival by *scire facias*. Says Judge Thompson (1 Thomp. Corp., sec. 398): "By so appearing, it admitted its successorship to the precedent corporation, and its liability in case the precedent corporation should be adjudged liable." So, here, by appearing to the merits appellant admitted its successorship, and its liability at all events in case the receivers had been liable. It is abundantly settled (see 1 Thomp. Corp., secs. 400–404, inclusive) that consolidation does not destroy any of the precedent corporations, in such a sense as works an abatement of actions pending against them, and requires the plaintiff in such actions to begin anew against the consolidated company. It is variously held that in such cases new process is necessary and that new process is not necessary, and that the case may be proceeded with by a mere amendment bringing in the consolidated company (see 1 Thomp. Corp., sec. 403), or that a consolidated company may be substituted as defendant by an order of the court to that effect, without any new process. Whatever may be the true construction of § 669 as to whether the appellant is the successor, so as to authorize a revival by *scire facias*, we think, for the reason above given, the appellant appeared to the merits, and was thus for all purposes in court.

If it were necessary to the decision, it might be well worth consideration, whether, practically and substantially, for all the purposes of justice, the receivers were not similar to trustees or commissioners, and whether the appellant is not the successor in title and interest, under *Bond* v. *State*, 68 Miss., 648, 9 South., 353, and *Hardee* v. *Gibbs*, 50 Miss., 802, especially in view of the provisions of the decree and deed already mentioned, so as to authorize the revival. But, in the view we have taken, it is unnecessary to decide this.

The briefs on both sides in this case display great wealth of learning and most diligent research, but we do not deem it

necessary to say anything further than that we find no error, and the judgment is                                *Affirmed.*