## F. S. BOND, RECEIVER, *v.* THE STATE OF MISSISSIPPI.

1. VERDICT CONTRARY TO EVIDENCE. *Informality. Mistrial. Immaterial error.*
   Where, on appeal, objection is made to the action of the court in polling a
   jury and refusing to enter a verdict questionable in form, the error, if
   such it was, will be passed by as immaterial, where it appears that such
   verdict, if entered, would necessarily have been set aside as unsupported
   by the evidence.

2. RECEIVER. *Suit for penalty. Discharge. Plea in bar.*
   To an action by the state against the receiver of a railroad in his official
   capacity to recover the penalty prescribed by the act of March 11, 1884,
   for failure to keep a bulletin board showing the time of arrival and de-
   parture of trains, it is a good plea in bar that since the commencement of
   the suit he had been finally discharged by the court appointing him.

3. DISCHARGE OF RECEIVER. *Subsequent judgment. Abatement.*
   After the discharge of a receiver and surrender by him of the assets, no
   judgment can be rendered against him to bind the property although in
   his possession when suit was begun. Nevertheless, the discharge does
   not abate the suit, which may be prosecuted against his successor.

FROM the circuit court of the first district of Hinds county.
HON. J. B. CHRISMAN, Judge.

This action was brought by the district-attorney pursuant to an order of the state railroad commission, against the appellant F. S., Bond, receiver of the Vicksburg & Meridian Railroad Co., to recover the statutory penalty of $500, prescribed by the act of March 11, 1884, for failure to keep posted at Jackson, Miss., a bulletin board showing the time of the arrival and departure of trains. A demurrer was sustained to the declaration because it failed to specify the particular day on which the omission of duty took place, or the train whose time of arrival was not noted on the bulletin board. Leave was given to file an amended declaration, but before it was filed the receiver was finally discharged by the circuit court of the United States for the southern district of Mississippi, and among other pleas filed to the amended declaration the receiver pleaded such discharge. The court sustained a demurrer to this plea.

The cause was tried before a jury, which, after deliberating, re-

turned into court the following verdict: ." We, the jury, find for the defendant under the circumstances, the defendant to pay costs." Thereupon the defendant moved to reform the verdict by striking out the words " under the circumstances," and for judgment thereon, but on the demand of the district-attorney the jury was polled by the court.   To the question whether the verdict was theirs, the jurors all responded affirmatively, but one qualified his statement by answering that it was his verdict " under the circumstances." The court then asked whether if these words were stricken out the verdict would be such as they would render, to which the juror answered in the negative.   Further examination developed that there were eleven jurors for the plaintiff, and one for the defendant, but the eleven finding that the one could not be persuaded, and being unwilling to stay out longer, qualified their verdict as stated to avoid further confinement.   The court overruled defendant's motion and ordered a mistrial to be entered.

It was not denied by the defendant that during his operation of said railroad, and during an interval covering the time alleged in the amended declaration, there was a failure to keep the bulletin board and note the time of arrival of trains, but he sought to excuse such failure mainly upon the ground that the station house used by said company and whose waiting rooms were used by its passengers belonged to another railroad company and were then being used through the courtesy of that company which had exclusive control over them.

A second trial resulted in a verdict and judgment for the plaintiff, and defendant appeals.

The foregoing statement of facts taken with the statement contained in the opinion is sufficient to illustrate the only points passed upon by the court.

*Nugent & McWillie,* for appellant.

The words " under the circumstances" in the first verdict ought to have been stricken out or ignored and judgment entered on it for the defendant.   The jurors could not impeach their finding.   That the verdict was the result of concession and a desire to escape confinement cannot vitiate it.   Probably most verdicts are thus arrived

at in the jury room. Strict form in the verdict was not necessary. 1 Dall. 462 ; 12 Ind. 274 ; 10 Mass. 64 ; 1 Bibb (Ky.),. 257. The assignment of a reason for a verdict does not vitiate it. 6 La. An. 727. The attempt by the jury to tax the costs could not be regarded. The court taxes costs according to the statute.

The plea setting up the discharge of the receiver was good, and it was error to sustain the demurrer to it.

*T. M. Miller*, attorney-general, for the state.

The first verdict was properly ignored and a mistrial entered. The very purpose of polling a jury is to find if they have really reached a conclusion, and, if it is found they have not, to disregard the verdict. The answers of jurors when being polled has never been considered as an impeachment of their verdict.

Since the defendant was using the depot in question, he cannot deny that it was his.

It may be conceded in matters strictly pertaining to the receivership the discharge of the receiver would be completely operative, but where a penalty has been incurred for violation of law, a violation the court could not have authorized, it is not perceived how an order of discharge in a proceeding in which the plaintiff was not a party can arrest a pending action for its recovery. The penalty must be regarded as personal, since the violation of law could never have been justified under an order of a court. Notwithstanding a discharge and sale of the assets under the order of court a receiver is liable to an action for conversion of property unlawfully dealt with as effects to be administered by him. *Miller* v. *Loeb*, 64 Barb. 454. If in the decree for discharge the receiver failed to provide for the payment of this penalty as an outstanding claim it was his fault and that does not affect the questions here involved.

Argued orally by *W. L. Nugent*, for appellant.

WOODS, J., delivered the opinion of the court.

The conclusion reached by us in this much argued and protractedly considered case makes it necessary to examine two points only.

1. Was there reversible error in the action of the court below in refusing to enter the first verdict of the jury and in ordering a mistrial recorded?

It is wholly unnecessary for us to say whether the first verdict, as returned into court by the jury, was good or not. If it had been entered, the learned judge must have unhesitatingly caused it to be set aside, since it was without support from any evidence, from any quarter. There is no pretense that there was any bulletin board in the depot on or about the first day of December, as charged in the first count of the declaration, and that was, in substance, the complaint contained in that count. A verdict violently opposed to all the evidence could not be permitted to stand; and this, we must suppose, had weight with the court in ordering a mistrial entered. The action complained of is thus shown to have been immaterial, and no way prejudicial to appellant's rights. He is in no worse condition than he would have been if the verdict had been entered, and then promptly set aside; and this is exactly what must have taken place, if his motion to enter the verdict had prevailed. Practically, he stands now as he would have stood if the verdict had been entered as returned. His hurt, if any, is only technical: it is *damnum absque injuria*. We must, therefore, on this ground, decline to reverse the judgment and direct the first verdict to be entered.

2. The 3d plea of the defendant below averred a perfect bar to the further prosecution of the suit against him officially, as receiver, and the demurrer thereto should have been overruled.

The appellant had been appointed receiver of the Vicksburg & Meridian Railroad by the circuit court of the United States for the southern district of Mississippi, and was sued as such receiver in this action. After suit instituted, and before plaintiff below filed its amended declaration, the appellant was, by an order of the court appointing him, fully and finally discharged from the receivership, and this discharge from his official trust he sought to avail himself of by his 3d plea.

Manifestly, the suit was instituted to charge the appellant in his official character, and to subject to liability the property of the rail-

road company held by him by virtue of his representative character. The action is not against the individual, and the purpose was to reach the property of the railroad company in his hands as the representative of the company. The final discharge of the receiver put an end to his official existence, and withdrew from his care and management the road and property of the company. The discharge having terminated the representative character of the receiver, we are at a loss to understand how any judgment could be rendered against him officially that would render liable to its satisfaction any property of the company,—property in his hands when suit was brought, but now finally withdrawn from him, by the extinction of his official character, before his plea was filed. There is no demand against him as an individual, but only as the representative of the railroad company. It seems plain to us that with the termination of his representative character, and the withdrawal of the road and its property from his custody by the order discharging him, no judgment could be rendered against him properly as the representative of the company whereby to make its property chargeable. His official liability ceased with his official existence. The 3d plea disclosed a perfect defense for the receiver.

See *N. Y. and W. U. T. Co.* v. *Jewett*, 115 N. Y. p. 166 ; Ib. p. 267, *Woodruff* v. *Jewett; Farmers' Loan and Trust Co.* v. *Central R. R.*, 2 McCrary, 181 ; 76 Texas, 444, *Brown* v. *Gay* ; Beach on Receivers, 715 and 720.

The case of *Miller* v. *Loeb*, 64 Barbour, 454, cited and relied upon by counsel, is not at all in conflict with the authorities generally. This case is authority for the proposition that the discharge of a receiver cannot be successfully pleaded in an action brought to recover for a *personal liability* incurred by that officer during his receivership. In this case of *Miller* v. *Loeb* the receiver had seized and sold property claimed by third parties, and not belonging at all to the estate which he held as receiver, and, on this state of fact, the court held the discharge no bar to the action. We do not dissent from that opinion, nor is it inharmonious with the opinions generally concurring with the views we have advanced.

We are not to be understood as intimating, as counsel for appel-

lant contends the law is, that the discharge of the receiver abates a pending suit. We see no reason for holding otherwise, in this case, than is held in cases generally where persons are sued in a representative character, and, for any reason, cannot be proceeded against further. By proper application, we are of opinion that the cause may be revived or proceeded with against the successor of the receiver, if intervening rights do not forbid all hope of a fruitful recovery.                                    *Reversed.*