PETER ARCHAMBEAU *vs.* THOMAS C. PLATT & another.
WILLIAM A. ARCHAMBEAU *vs.* SAME.

Worcester.   October 7, 1898. — May 16, 1899.

Present: HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Action — Receivers of Railroad.*

An action cannot be maintained against the receiver of a railroad after his discharge.

TWO ACTIONS OF TORT for personal injuries. Writs dated September 25, 1897. Trial in the Superior Court, before *Gaskill,* J., who ruled that the actions could not be maintained, and directed verdicts for the defendants; and the plaintiffs alleged exceptions, which appear in the opinion.

*W. A. Gile,* for the plaintiffs.

*F. P. Goulding & W. C. Mellish,* for the defendants.

HOLMES, J.    These are actions for the injury which was the cause of action in *Archambeau* v. *New York & New England Railroad,* 170 Mass. 272, but the present actions are brought against the receivers who were operating the road on August 30, 1895, the time of the alleged tort.    On August 31, 1895, the receivers turned over the property in their hands to the New England Railroad Company, and on December 18, 1895, by a decree of the United States Circuit Court, their transfer was ratified, and they were " discharged from all liability with respect to any acts or omissions of them, or either of them, or of any of their agents, attorneys, or employees."    The proceeds of the sale of the railroad company were distributed by the same decree.    At the trial of the present cases the judge ruled that the actions could not be maintained, and the plaintiffs excepted.    They now contend that they have a right to prosecute the actions to judgment, in order to fix the amount due to them as a first step toward asserting a lien upon the property turned over to the railroad company, which they wish to claim under the above mentioned decree.

The strongest ground for the plaintiffs would be that a receiver is not a corporation sole, and that therefore his liability must be personal, even if he is entitled to indemnity out of the funds in his hands, according to the general principle applied to trustees, executors, and the like.    But the decisions have gone very far in distinguishing between the receiver's official and personal liability.    The universal practice of the courts, bold as it may seem in its origin, appears to us to be too well established to be departed from, especially in a case like the present, where the receivers were appointed by a court of the United States, and where the defendants were guilty of no act or omission which would have been a cause of action apart from their official relation to one of the plaintiffs.

The plaintiffs themselves do not contend that they could take out execution against the defendants.    There is nothing in the hands of the defendants as receivers against which an execution could run.    And in the case of receivers appointed as these were by a court of the United States, the language of the Supreme Court of the United States in discussing a part of the act

of 1887, now embodied in the act of August 13, 1888, § 3, makes it plain that a personal execution could not be taken out. Apart from statute, we cannot see how it is possible to justify bringing an action which it is admitted never can result in satisfaction from the defendants. The language of the Supreme Court of the United States, to which we have referred, and the decision in the case, are as unfavorable to the action as they are to the execution. The language is as follows: " Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver; and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only · from funds in his hands." The decision or very strong intimation by the court was that a subsequent receiver could be sued for a cause of action originally arising against his predecessor in office. *McNulta* v. *Lochridge*, 141 U. S. 327, 332. This necessarily implies that, when the receiver has handed over the funds in his hands and has been discharged by decree, his liability is at an end. *Davis* v. *Duncan*, 19 Fed. Rep. 477. *Farmers' Loan & Trust Co.* v. *Central Railroad of Iowa*, 2 McCrary, 181, 186; *S. C.* 7 Fed. Rep. 537, 542. *Lehman* v. *McQuown*, 31 Fed. Rep. 138, 140. See *Reynolds* v. *Stockton*, 140 U. S. 254, 272. The opinion expressed by the courts of the United States is that of the State courts also, and is repeated in the text books. *Ryan* v. *Hays*, 62 Tex. 42, 47. *Brown* v. *Gay*, 76 Tex. 444. *Bond* v. *State*, 68 Miss. 648, 652. *New York & Western Union Telegraph Co.* v. *Jewett*, 115 N. Y. 166. *McNulta* v. *Ensch*, 134 Ill. 46. *Meara* v. *Holbrook*, 20 Ohio St. 137. Gluck & Becker, Receivers, (2d ed.) § 82. Beach, Receivers, (2d ed.) §§ 720, 725, 802. Smith, Receiverships, § 92. Elliott, Railroads, § 587.

If the plaintiffs have any lien on the property in the hands of the railroad company, as to which we express no opinion, we do not perceive how their cases would be bettered by judgments against the receivers. In *Texas & Pacific Railway* v. *Johnson*, 151 U. S. 81, *S. C.* 76 Tex. 421, which was a proceeding to charge the company which had received the property from the receiver, the receiver was dropped from the proceedings before the case reached the Supreme Court of the United States. See also *Farmers' Loan & Trust Co.* v. *Central Railroad of Iowa*, and *Davis* v.

*Duncan, ubi supra; Texas & Pacific Railway* v. *Bloom,* 164 U. S. 636; *Mobile & Ohio Railroad* v. *Davis,* 62 Miss. 271; Beach, Receivers, (2d ed.) §§ 384, 726; Elliott, Railroads, § 581.

*Exceptions overruled.*