ALBERT LILIENTHAL et al., Suing in Behalf of Themselves and Other Creditors of D. G. YUENGLING BREWING COMPANY, Appellants, *v.* JOHN F. BETZ, Respondent.

1. CORPORATIONS — ACTION BY CREDITORS OF A DISSOLVED INSOLVENT CORPORATION ·AGAINST AN OFFICER OF SUCH CORPORATION UPON HIS UNFULFILLED PROMISE TO PAY THE DEBTS OF THE CORPORATION IF ALLOWED TO PURCHASE ITS PROPERTY AT A JUDICIAL SALE FOR LESS THAN ITS REAL VALUE— CANNOT BE MAINTAINED UNDER CODE CIV. PRO. §§ 1781, 1782.   Where the gravamen of an action, brought by creditors of a dissolved insolvent corporation in behalf of themselves and all other creditors of the corporation who m· y come in and contribute to the expenses of the action against a former director and treasurer of the corporation, is not any official act or omission on the part of the defendant as such director and treasurer, but rather his promise to pay all the debts of the corporation in case he should be allowed to acquire its property at a judicial sale for less than its ·real value and his failure to keep that promise, such action cannot be maintained under sections 1781 and 1782 of the Code of Civil Procedure, which provide that an action may be maintained against one or more of the officers of a corporation for a judgment "compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by a violation of their duties."

2. SAME — WHEN COMPLAINT IN SUCH ACTION STATES FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.   The complaint in such action may be sustained, however, as stating facts sufficient to constitute a cause of action where it distinctly alleges that the defendant assured the creditors of the corporation, and among them the plaintiffs, that he would assume and undertake the payment of the merchandise debts of the corporation; that he made this representation with intent to induce the creditors, including the plaintiffs, to refrain from making themselves parties to the dissolution proceedings and to refrain from organizing or combining for the protection of their interests, or from bidding upon the sale of the property, and that by means of his representations the plaintiffs and other creditors were induced to forego all efforts to have the property of the corporation realize its fair value when offered at public sale; and the other allegations suffice to justify the inference that the defendant acquired personal property of the corporation for much less than it was actually worth.

3. SAME — RECEIVER, IN DISSOLUTION PROCEEDINGS OF SUCH INSOLVENT CORPORATION, DISCHARGED BEFORE COMMENCEMENT OF ACTION, IS NOT A NECESSARY PARTY THERETO.   Where the receiver in the proceed-

ings dissolving such insolvent corporation was duly discharged as such receiver by the Supreme Court prior to the commencement of this action, having before his discharge exhausted all the assets of the corporation which came into his hands, and which assets were insufficient to pay the debts of the corporation, such receiver is not a necessary party to the action either as a plaintiff or defendant.

*Lilienthal* v. *Betz*, 108 App. Div. 222, reversed.

(Argued April 17, 1906; decided May 8, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1905, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustaining such demurrer.

The Appellate Division held that the complaint stated facts sufficient to constitute a cause of action, but that the discharged receiver of the D. G. Yuengling Brewing Company was a necessary party either as plaintiff or defendant, and, hence, that there was a defect of parties.

The following questions were certified:

" I. Is there a defect of parties plaintiff.

" II. Is there a defect of parties defendant.

" III. Does the complaint state facts sufficient to constitute a cause of action."

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold Nathan* for appellants. There is no defect of parties either plaintiff or defendant. (*N. Y. & W. U. T. Co.* v. *Jewett*, 115 N. Y. 166; *F. L. & T. Co.* v. *C. R. R. of Iowa*, 7 Fed. Rep. 573; *Davis* v. *Duncan*, 19 Fed. Rep. 477; *Thompson* v. *N. P. R. Co.*, 93 Fed. Rep. 384; *Bond* v. *State*, 68 Miss. 648; *Brown* v. *Hay*, 76 Tex. 444; *Archambeau* v. *Platt*, 173 Mass. 249; *Henderson* v. *Pilley*, 131 Ala. 548; *Ettlinger* v. *P. R. & C. Co.*, 142 N. Y. 189; *Bierschenck* v. *King*, 38 App. Div. 360; *Wheeler* v. *Miller*, 90 N. Y. 353.) The complaint states a cause of action. (*M. T. Verein* v. *Funck*, 18 Iowa, 469; *P. Nat. Bank* v. *Emery*, 78 Tex, 498;

*Hill* v. *Fogg*, 41 Mo. 563; *Dudley* v. *Price*, 10 B. Mon. 84; *Mimma* v. *P. Co.*, 8 Pet. 281; *Pullman* v. *Stebbins*, 51 Fed. Rep. 10; Perry on Trusts, § 166; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Keeler* v. *Keeler*, 102 N. Y. 30; *Matter of Hawley*, 104 N. Y. 250; *Gardiner* v. *Van Alstyne*, 22 App. Div. 579, 582; 163 N. Y. 573.)

*Abram I. Elkus, Carlisle J. Gleason* and *James C. McEuchen* for respondent. The complaint does not set forth facts sufficient to constitute a cause of action. (*Kinnier* v. *Kinnier*, 45 N. Y. 535; *Bonnell* v. *Griswold*, 68 N. Y. 294; *Bogardus* v. *Ins. Co.*, 101 N. Y. 328; *Wrath* v. *Radde*, 28 How. Pr. 230; *Farrow* v. *H. T. Co.*, 74 Hun, 585; *French* v. *Salter*, 17 Hun, 546; *Bartlett* v. *Drew*, 57 N. Y. 587; *Hurd* v. *N. Y. C. S. L. Co.*, 167 N. Y. 89; *Wheeler* v. *Millar*, 90 N. Y. 353; *Cole* v. *M. I. Co.*, 133 N. Y. 164.) There is a defect of parties. (*Gardiner* v. *Pollard*, 10 Bosw. 674; *Alexander* v. *Donohoe*, 143 N. Y. 203; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119; *Deming* v. *Perdicaries*, 96 U. S. 193; *Howe* v. *Barney*, 45 Fed. Rep. 668; *Smith* v. *Hurd*, 12 Metc. 381; *People* v. *O'Brien*, 11 N. Y. 1; *People* v. *Nat. T. Co.*, 82 N. Y. 283; *C. C. S. Bank* v. *Walker*, 66 N. Y. 424; *Heath* v. *Barmore*, 50 N. Y. 302.)

WILLARD BARTLETT, J. This is a suit in equity brought by two creditors of the D. G. Yuengling Brewing Company, a dissolved corporation, suing in behalf of themselves and of all other creditors similarly situated, against the former treasurer of the corporation to impress a trust for the payment of the general creditors of the corporation upon certain property acquired by the defendant on a sale thereof by the receiver in voluntary dissolution proceedings. The amended complaint alleges that the defendant with intent to hinder, delay and defraud the creditors of the D. G. Yuengling Brewing Company, entered into a fraudulent conspiracy with the corporation to the end that the defendant should acquire all its property for an amount far less than the real value thereof; that pursu-

ant to such conspiracy the defendant represented to the creditors, including the plaintiffs, that he would assume and undertake the payment of the merchandise debts, that is to say, all the claims of the general creditors other than the bonds and debts secured by mortgage; that said representations were made with intent to induce the creditors to refrain from making themselves parties to the dissolution proceedings and to refrain from organizing or combining for the protection of their interest and to refrain from bidding upon the sale; that such representations were wholly false being merely part of the conspiracy aforesaid and that by means thereof the plaintiffs and other creditors were induced to forego all efforts to have the property of the corporation realize its fair value at the sale, and that at such sale all the personal property of the corporation being then reasonably worth $500,000 and not being subject to any valid mortgage or lawful lien, was without any competitive bidding purchased by the defendant for $75,500.

The amended complaint further alleges that all the real and personal property of the D. G. Yuengling Brewing Company was upon the sale thereof and pursuant to the aforesaid scheme and conspiracy delivered to the defendant, who thereupon went into possession of the same and has appropriated the same to his own use and has made large profits out of his use of the said property, but has wholly repudiated his promise to assume or pay the merchandise debts of the said corporation, and claims to hold the property free from all claims on the part of its creditors.

It is also expressly alleged in the amended complaint that the receiver in the voluntary dissolution proceedings was, by an order of the Supreme Court made on August 17, 1898, duly discharged as such receiver, having before his discharge exhausted all the assets of the corporation which came into his hands, and which assets were insufficient to pay the debts of the corporation.

Two questions are presented by the appeal: (1) Whether the complaint states facts sufficient to constitute a cause of action,

and (2) whether, assuming that it does state a cause of action, the receiver of the D. G. Yuengling Brewing Company, who was discharged prior to the commencement of the action, is a necessary party thereto either as a plaintiff or defendant.

The learned Appellate Division was of the opinion that the action could be maintained under sections 1781 and 1782 of the Code of Civil Procedure. We are unable to concur in this view. Subdivision 2 of section 1781 provides that an action may be maintained against one or more trustees, directors, managers or other officers of a corporation to procure judgment " compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by a violation of their duties." Section 1782 provides that an action as prescribed in subdivision 2 of section 1781 may be brought by a creditor of the corporation. It is to be observed, however, that the basis of the action authorized by subdivision 2 of section 1781 against the trustees, directors, managers or other officers of a corporation is " a violation of their duties." This, we take it, means a violation of their duties as such officers. We think that the phrase quoted can hardly be deemed to apply to such a cause of action as is attempted to be set forth in this amended complaint, the gravamen of which is not any official act or omission on the part of the defendant as a director or the treasurer of the D. G. Yuengling Brewing Company, but rather his promise to pay all the debts of the corporation in case he should be allowed to acquire its property at a judicial sale for less than its real value and his failure to keep that promise.

We think, however, that the amended complaint may be sustained irrespective of these provisions of the Code of Civil Procedure. The pleading is not a model of perspicacity or direct statement. It does, however, distinctly allege the fact that the defendant assured the creditors of the corporation, and among them the plaintiffs, that he would assume and undertake the payment of the merchandise debts of the cor-

poration; that he made this representation with intent to induce the creditors, including the plaintiffs, to refrain from making themselves parties to the dissolution proceedings and to refrain from organizing or combining for the protection of their interests, or from bidding upon the sale of the property; and that by means of his representations the plaintiffs and other creditors were induced to forego all efforts to have the property of the corporation realize its fair value when offered at public sale.

The other allegations of the amended complaint, to which reference has already been made, suffice to justify the inference that the defendant acquired personal property of the corporation for about $425,000 less than it was actually worth. Under these circumstances, if established by the proof upon the trial, the plaintiffs and such other creditors as may join with them in the prosecution of the action, seem to be entitled to a judgment in equity that the defendant holds the property thus acquired impressed with a trust for the payment of their just claims against the corporation. It is not necessary to such a cause of action that the plaintiff should allege the sale by the receiver to have been fraudulent or that they should seek to have it set aside. It may be said of the sale as was said of the judgment in the case of *Decker* v. *Decker* (108 N. Y. 128): "It does not alter the character of this fraudulent arrangement, or enable it to defy justice, that it was accomplished through the agency of a valid judgment regularly enforced. That often may be made an effective agency in accomplishing beyond its own legitimate purpose a further result of fraud and dishonesty, and may even be selected as the suitable means by reason of its inherent character. The complaint here is not of the judgment, but of the use which was made of it." The fraud alleged here is not in the conduct of the dissolution proceedings or the conduct of the sale, but in the action of the defendant in combination with the corporation inducing the creditors not to protect their interests at the sale.

Assuming, then, that the amended complaint states facts

sufficient to constitute a cause of action, we come to the
question whether the discharged receiver in the voluntary
dissolution proceedings was a necessary party, either plaintiff
or defendant.   We are clearly of the opinion that he was not.
No authorities are cited by the learned Appellate Division in
support of a contrary conclusion, and that conclusion finds no
support in any of the authorities to which our attention has
been called.   Many of these are cited and discussed by the
Supreme Judicial Court of Massachusetts in the case of
*Archambeau* v. *Platt* (173 Mass. 249), where it was held that
an action could not be maintained against a receiver of a rail-
road after his discharge, and where Mr. Justice HOLMES cites
*McNulta* v. *Lochridge* (141 U. S. 327) as necessarily implying
that, when a receiver has handed over the funds in his hands
and has been discharged by decree, his liability is at an end.
This is the view which has been entertained by this court and
the courts of last resort in many other states.   Thus, in the case
of *N. Y. & W. U. Tel. Co.* v. *Jewett* (115 N. Y. 166, 169) it
was said by EARL, J., writing the opinion of the court:
"Obviously, after the receiver has been discharged, and the
property, by the action of the court, has all been taken out of
his hands, there can be no propriety whatever in any further
proceedings against him, because thereafter he ceases to rep-
resent any one; he can no longer act for or represent the com-
pany or its creditors, or any other person interested in the
property; and manifestly the court could not thereafter make
an order that he should pay a creditor, he no longer having
any funds out of which payment could be made."   So, in
*Bond* v. *The State* (68 Miss. 648, 652), it was said by the
Supreme Court of Mississippi: "The final discharge of the
receiver put an end to his official existence, and withdrew from
his care and management the road and property of the com-
pany.   The discharge having terminated the representative
character of the receiver, we are at a loss to understand how
any judgment could be rendered against him officially that
would render liable to its satisfaction any property of the
company — property in his hands when suit was brought, but

now finally withdrawn from him, by the extinction of his official character, before his plea was filed."

Many other decisions to the same effect might be cited, but one more quotation will suffice from a case arising in Texas, where this question concerning the liability of discharged receivers seems frequently to have been considered. "The sole liability of a receiver, except in cases in which he is personally at fault, is official; and when his official character ceases, and the property, through which alone his official liability may be discharged, has passed from his hands, in pursuance of the orders of the court that appointed him, and he has been by that court discharged from his trust, then no judgment can be rendered against him, for with the termination of his official existence ends his official liability." (*Ryan* v. *Hays*, 62 Texas, 42, 47.)

Our conclusion is that the complaint in this case states facts sufficient to constitute a cause of action, but that the discharged receiver is not a necessary party. It follows that the order appealed from should be reversed, with costs, and that the first and second questions certified should be answered in the negative and the third question in the affirmative.

EDWARD T. BARTLETT, J. (dissenting). I agree with the opinion of the learned Appellate Division that this action can be maintained under sections 1781 and 1782 of the Code of Civil Procedure. I also agree that the receiver of the D. G. Yuengling Brewing Company, although formally discharged, was a necessary party to this action, either as plaintiff or defendant, under the rule that a demurrer admits all facts stated and such inferences as can be fairly drawn from them. It is true that there is no direct allegation that the receiver was a party to the conspiracy charged, although the inferences point strongly to such a conclusion. I am further of opinion, however, assuming the receiver is not to be regarded as a co-conspirator, that nevertheless his presence as a party to the action is necessary.

The complaint while exceedingly prolix, alleges a conspiracy

that contemplated the winding up of the brewing company and the appointment of a receiver in order to place its property in the possession of the defendant in fraud of creditors. It appears that the brewing company was seized of real estate valued at half a million dollars, subject to a mortgage, the foreclosure of which divested the company of title, it being fraudulently arranged that the defendant should bid in the same without competitive bidding for as low a price as possible. The company was also the owner of personal property valued at a half million dollars, the ownership of which, according to the alleged corrupt scheme, was to pass under voluntary dissolution proceedings into the hands of the receiver and the defendant was to acquire title thereto upon a fraudulent receiver's sale without competitive bidding and at as low a figure as possible. It is alleged that this result was accomplished to the very great injury of the creditors of the brewing company.

If the allegations of the complaint can be sustained by proof, it follows that the receiver's sale and final discharge were all a part of a fraudulent conspiracy. To successfully attack the fraudulent title of the defendant, the order for the sale of the property, and the judgment of discharge following the final accounting of the receiver, must be vacated. The discharge of a receiver as a part of a fraudulent conspiracy, of which the court had no knowledge when entering judgment to that effect, is in law no discharge and will be set aside when it is advised of the situation. If it be the fact that the receiver acted in entire good faith throughout, there is no reason why he should not appear as plaintiff herein; and if he refuses to assume the burden he is a necessary defendant.

I am of opinion that the foregoing facts distinguish this case from those cited by counsel, to the effect that a discharged receiver cannot be sued. *Archambeau* v. *Platt* (173 Mass. 249) and *McNulta* v. *Lochridge* (141 U. S. 327) were negligence actions against the receivers of railway companies. In the Massachusetts case the receiver had been discharged; in the second case it was held that an action would lie against a

11

receiver for causes of action accruing under his predecessor in office. In *N. Y. & W. U. Tel. Co.* v. *Jewett* (115 N. Y. 166) the action was to recover the rent of a telegraph line, against the discharged receiver of the Erie Railway Company. Neither of these cases involves the question here presented.

In the case at bar a part of the necessary relief is to vacate the discharge of the receiver, the sale of the property to defendant, or his representatives, and, if necessary, set aside his appointment; and, if it be found that he was acting in collusion with the conspirators, name his successor.

The order appealed from should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN and CHASE, JJ., concur with WILLARD BARTLETT, J.; GRAY, J., dissents on ground that complaint does not state a cause of action; EDWARD T. BARTLETT, J., reads dissenting memorandum.

Order reversed and judgment ordered for plaintiff on demurrer, with costs in all courts, with leave to defendant to withdraw demurrer and serve answer within twenty days on payment of costs.