## NIELSON v. FARLEY et al.

District Court, S. D. New York.
Jan. 12, 1939.

Platow, Lyon & Stebbins, of New York City, for plaintiff.

Irving L. Evans, of New York City, for defendants.

PATTERSON, District Judge.

The action is to recover for personal injuries said to have been suffered by the plaintiff in 1935 while working on the steamship Mundolphin. The complaint alleges that the plaintiff was in the employ of the defendants, trustees of Munson Steamship Line and of Redbird Steamship Corporation, appointed in 1934 by this court in reorganization proceeding under section 77 B of the Bankruptcy Act, 11 U.S.C.A. § 207; that the defendants maintained and operated the ship in question; and that the plaintiff's injuries were caused by the defendants' negligence in various respects. The defendants made a motion to dismiss the complaint under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground of lack of jurisdiction over the subject matter, lack of jurisdiction of the persons of the defendants, and failure to state a claim. The moving papers show that by order of this court in the reorganization proceeding, made May 23, 1938, the defendants as trustees of the Redbird company were directed to turn over all funds in their hands to Guaranty Trust Company as trustee under a mortgage, and that by order of June 1, 1938, their accounts were approved, they were discharged as trustees of the Redbird company and the case as to that company was closed. The present action was instituted in October, 1938. The papers in

the reorganization proceeding referred to by the defendants also make it clear that prior to that proceeding the ship in question was owned by the Redbird company, a subsidiary of the Munson company, and that the ship was sold in 1937 by order of the court. The plaintiff, in answering affidavits, claims to have been employed and paid by the defendants as trustees of the Munson company and to have received instructions from their representatives as to his work on the ship, and asserts that the defendants as trustees of both companies exercised management and control over the ship while he was employed as watchman on it.

There is nothing to the point that the court has no jurisdiction over the subject matter. Nor can it be contended that the complaint does not state on its face a claim on which relief may be granted. The point that deserves attention is whether the court has jurisdiction over the defendants as trustees of the Redbird company and as trustees of the Munson company, in view of the facts shown in the affidavits.

On the undisputed facts there is no jurisdiction over the defendants as trustees of the Redbird company, and there was none when the action was brought. The defendants in that capacity have no property with which to pay a judgment, they have fully accounted, and they have been discharged by the court that appointed them, all before this action was commenced. As to equity receivers it has long been recognized that suit may not be brought against them in their official capacity after they have disposed of the property in their custody and have been fully discharged by the court that appointed them. Western N. Y. & P. R. Co. v. Penn Refining Co., 3 Cir., 137 F. 343, 368; Gray v. Grand Trunk Western R. Co., 7 Cir., 156 F. 736; Hanlon v. Smith, C.C., 175 F. 192; Lilienthal v. Betz, 185 N.Y. 153, 77 N.E. 1002, 7 Ann.Cas. 41; Archambeau v. Platt, 173 Mass. 249, 53 N.E. 816. There is no difference between equity receivers and trustees in reorganization in this respect. The present action being in effect one to have the plaintiff's claim paid out of property in the defendants' hands as trustees, and it being matter of record in this court that the defendants as trustees of the Redbird company have no property and have been discharged, it would be idle to permit the maintenance of the action against them. They have no longer any capacity to be sued. The complaint will be dismissed as to the defendants as trustees of the Redbird company.

As to the trustees of the Munson company the situation is different. The defendants have not shown a discharge as trustees of that debtor. There is then jurisdiction over them in such capacity. On this branch of the case the defendants' motion is in effect one for summary judgment under Rule 56, and it will be treated as if it had been called what it really is. The argument is that since the ship on which the plaintiff worked was the property of the Redbird company, as the court knows from its records, there can be no liability on the part of the trustees of the Munson company, and that there is no genuine issue to be tried against those trustees. But the Redbird company was a subsidiary of the Munson company, and the plaintiff's affidavits set forth alleged facts which tend to show that to some extent the trustees of the parent company or their agents attended to the upkeep of the ship in question and dealt with the plaintiff. It may not be declared with certainty that they did not assume any duty to use due care toward the plaintiff. It follows that summary judgment may not be granted in favor of the defendants as trustees of the Munson company.

The motion to dismiss will be granted as to the trustees of the Redbird company and denied as to the trustees of the Munson company.