M. ELEANOR WOOD *vs.* MARGARET L. COMINS, executrix.

WILLIAM F. WOOD *vs.* SAME.

Worcester.    January 6, 1939. — June 27, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Bankruptcy,* Corporate reorganization, Receiver, Personal liability of trustee. *Receiver. Trust,* Personal liability of trustee.

An action, brought against a trustee appointed for a corporation under § 77B of the national bankruptcy act to recover for a tort committed while he was trustee, could not be maintained against the executor of his will where it appeared that the trustee had been discharged by a decree of the Federal Court after he had transferred all assets in his possession to a new corporation which had assumed, and agreed to indemnify him against, all obligations and liability incurred by him as trustee.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated May 17, 1935.

The actions were heard together by *Donnelly,* J., who "ruled as matter of law that the actions could not be maintained against the defendant, Margaret L. Comins, executrix; that the plaintiffs' rights of action were against Arthur C. Comins, the original defendant, in his capacity as trustee; that no liability attached to him in his individual capacity; and that his executrix, the present defendant, could not be held liable in these actions;" found for the defendant in each case; and reported the cases to this court.

*M. C. Jaquith,* for the plaintiffs.

*S. B. Milton,* for the defendant.

QUA, J.    The first action is for personal injuries sustained by the plaintiff while a "business guest" at a cafeteria in a hotel in Worcester.    The second action is by the husband of the plaintiff in the first action to recover consequential damages.

While the plaintiff in the first action was rightfully walking along a passageway used by guests entering and leaving

the cafeteria she was struck and knocked down by an employee of the hotel opening a door that swung into the passageway. At the time of this occurrence the title to the premises was in the defendant's testator, who had been appointed as trustee of the corporation that had formerly owned the hotel by the District Court of the United States under the bankruptcy act, § 77B, relating to corporate reorganization (Act of. June 7, 1934, c. 424, § 1, 48 U. S. Sts. at Large, 912, 915, particularly subdivision [c]. See now U. S. C., 1934 ed., Sup. IV, Title 11, c. 10). The defendant's testator was operating the hotel as such trustee under an order of the District Court made pursuant to said § 77B. After these actions had been brought against the deceased in the Superior Court and before they were reached for trial the District Court entered a decree authorizing and directing the defendant's testator to convey to a new corporation all his right, title and interest in all the property of the "debtor" corporation, except a cash reserve of $60,000, from which he was to pay certain charges, including proved claims and "all claims and obligations incurred by said trustee in the conduct of the business of the debtor." The decree further provided for the assumption by the new corporation of all obligations and liabilities of the trustee and that it should indemnify him against any suit, claim or damage arising out of his conduct of the debtor's business. The defendant's testator in accordance with this decree transferred all the property in his possession to the new corporation and was discharged as trustee. No successor trustee has ever been appointed. Later he died and his executrix was brought in to defend the actions.

The question to be decided is whether an action brought against a trustee for a debtor corporation appointed under § 77B, to recover damages for a tort alleged to have been committed while the trustee was operating the business of the debtor under an order of the bankruptcy court can still be prosecuted against his executrix after he has divested himself of all the assets and has been discharged by the court.

An ordinary trustee is liable personally for torts com-

mitted by him or by his agent or servant in the adminis-
tration of the trust. *Odd Fellows Hall Association* v.
*McAllister*, 153 Mass. 292, 297. *Gardiner* v. *Rogers*, 267
Mass. 274. American Law Inst. Restatement: Trusts, § 264.
So also in general an executor or administrator is liable *de
bonis propriis* for charges incurred by him in the settlement
of the estate. *Grueby* v. *Chase Harris Forbes Corp.* 292
Mass. 156, 159. As to receivers, however, a different rule
has become established in this country. Actions against
receivers growing out of the performance by them of their
duties within the scope of their powers under the valid
orders of the court appointing them do not bind them per-
sonally, but are regarded as brought against the receiver-
ship, and judgments recovered in such actions are payable
only from funds in the receiver's hands. *Archambeau* v.
*Platt*, 173 Mass. 249. *McNulta* v. *Lochridge*, 141 U. S.
327, 332. *Clifford* v. *West Hartford Creamery Co. Inc.* 103
Vt. 229, 241. See *Shapiro* v. *Goldman*, 253 Mass. 60, 63.
It is in part at least for this reason that, unless some stat-
ute provides otherwise, an action cannot be brought against
a receiver without leave of the court appointing him. *Bar-
ton* v. *Barbour*, 104 U. S. 126. It results from this rule that
by the great weight of authority both here and elsewhere
an action cannot be maintained against a receiver, even for
the purpose of establishing the validity of the claim, after
he has been discharged and has ceased to hold any relation
to the fund out of which alone payment can be secured.
*Archambeau* v. *Platt*, 173 Mass. 249. *Tobin* v. *Central Ver-
mont Railway*, 185 Mass. 337, 339. *Henry* v. *Claffey*, 189
Ind. 609, 617. *Stuart* v. *Dickinson*, 290 Mo. 516, 551.
*Gray* v. *Grand Trunk Western Railway*, 156 Fed. 736, 743,
certiorari denied, *Grand Trunk Western Railway* v. *Gray*, 207
U. S. 594. *Hanlon* v. *Smith*, 175 Fed. 192, 197.

The status of an action against an ordinary trustee in
bankruptcy seems not to have been much discussed, but
such decisions as we have seen tend to emphasize the
analogy between a trustee in bankruptcy and a receiver,
and to support the conclusion that such an action is directed
against the fund and not against the trustee personally.

*Vass* v. *Conron Bros. Co.* 59 Fed. (2d) 969. *Stephens* v. *Walker*, 217 Ala. 466, 472. *Cardot* v. *Barney*, 63 N. Y. 281. It has been said that a trustee appointed under § 77B "is a combination of an ordinary trustee in bankruptcy and a receiver in equity." *In re James Butler Grocery Co.* 12 Fed. Sup. 851, 852. We are of the opinion that, as in the case of a receiver, an action against such a "trustee" for a tort arising out of his possession and management of the property in his care within the powers conferred upon him cannot result in a judgment binding him personally, and therefore that after he has been discharged, at least in the absence of special circumstances not here shown, such an action cannot be maintained. If the utmost possible effect of a judgment would be to establish a charge of some kind against the fund, one who no longer has any connection with that fund, and *a fortiori* his executrix, should neither be entrusted nor burdened with the defence. *Archambeau* v. *Platt*, 173 Mass. 249, 251. Whether the injury to the plaintiff in the first action was caused by faulty construction of the door or by negligence of the employee in opening it, the only duty of the defendant's testator in the matter arose out of his appointment as trustee. *Taylor* v. *Mason*, 158 Va. 870. Any liability on his part was official and not personal.

Although these cases differ from *Archambeau* v. *Platt*, 173 Mass. 249, in that these actions were brought before the discharge of the trustee and were therefore, as we assume, properly brought in the first instance under the permission of the act of March 3, 1887, 24 U. S. Sts. at Large, 554, U. S. C., 1934 ed., Title 28, § 125, the plaintiffs are not now seeking to prosecute them against any successor trustee, for there is none, nor against the new corporation which has agreed to take over the liabilities of the receivership, nor does it appear that the actions are being defended in behalf of that corporation, if we assume these methods of proceeding to be possible. See *Tobin* v. *Central Vermont Railway*, 185 Mass. 337, 340; *Texas & Pacific Railway* v. *Johnson*, 151 U. S. 81; *Peterson* v. *Baker*, 78 Kan. 337, 340; *Hanlon* v. *Smith*, 175 Fed. 192. Compare *Baer* v. *McCul-*

*lough,* 176 N. Y. 97. What the plaintiffs seek is judgments which they can collect from the executrix of the former trustee, whether or not she has rights of indemnity. That is what we hold they cannot have.

The rulings at the trial were right. In accordance with the terms of the report the entry in each case will be

*Judgment for the defendant.*