### McRANIE v. PALMER et al.

Civ. A. No. 1812.

District Court, D. Massachusetts.

July 29, 1942.

Bertram A. Petkun and Samuel B. Horovitz, both of Boston, Mass., and Jacob Rassner, of New York City, for plaintiff.

Noel W. Deering and A. W. Blackman, both of Boston, Mass., for defendants.

FORD, District Judge.

The plaintiff is a resident of the state of California and brings suit against the defendants as trustees of the New York, New Haven and Hartford Railroad Company, claiming damages in the sum of $200,000 by reason of personal injuries suffered through the alleged negligence of the defendants, their agents and servants, in using undue force in attempting to eject the plaintiff from the defendants' car or train. The alleged act complained of occurred on or about August 27, 1940. The writ is dated March 2, 1942. Service of the writ was made upon a duly authorized agent of the trustees. Sawyer is a resident of Massachusetts and Palmer and Loomis are both residents of Connecticut. The plaintiff relies wholly upon diversity of citizenship to vest jurisdiction in this court.

The trustees appeared specially and moved to dismiss the action on two grounds: (1) that the venue is improper in that suit was not brought in the district of the residence of all the defendants (28 U.S.C.A. § 112, Judicial Code, Section 51) (Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997), and (2) that the court should decline jurisdiction under the doctrine of forum non conveniens.

On or about October 23, 1935, a petition for reorganization of the New York, New Haven and Hartford Railroad Company was duly filed in the United States District Court for the District of 'Connecticut pursuant to the provisions of Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 207; the petition was approved by the court; trustees were appointed; and the trustees now are Howard S. Palmer, James Lee Loomis, and Henry B. Sawyer, the defendants in this action.

There was no dispute that this suit is one for damages "caused by the operation of trains" and authorized by Section 77, sub. j of the Bankruptcy Act of 1938. Cf. Section 66 of the Judicial Code, 28 U.S.C.A. § 125, which has been held to include trustees; Kennison v. Philadelphia & Reading Coal & Iron Co., D.C., 38 F.Supp. 980; Anderson et al. v. Scandrett et al., D.C., 19 F.Supp. 681; In re James Butler Grocery Co., D.C., 12 F.Supp. 851.

Since this action is against trustees in bankruptcy, it is necessary to look into the nature of such liability. As the Federal Bankruptcy Act does not expressly refer to the tort liability of a trustee in bankruptcy, the scope of such liability would depend, it seems, on general principles of law. The authorities on the question of such tort liability appear to hold that reorganization trustees, as receivers, are liable only in their official capacities for torts occurring during their management of the debtor's property. They are not personally liable, as would be ordinary trustees. Cf. McNulta v. Lochridge, 141 U.S. 327, 332, 12 S.Ct. 11, 35 L.Ed. 796, and Archambeau v. Platt, 173 Mass. 249, 251, 53 N.E. 816, and see Wood v. Comins, 303 Mass. 367, 21 N.E.2d 977, 123 A.L.R. 454, where the tort liability of a trustee appointed under former Section 77B, 11 U.S.C.A. § 207, is discussed; Nielson v. Farley et al., D.C., 26 F.Supp. 948; Restatement, Trusts, Section 264. Thus, this is an action against the defendants in their capacity as trustees in bankruptcy.

In the federal courts, parties to actions are divided into different classes: (1) formal, (2) proper, (3) necessary, and (4) indispensable. Moore's Federal Practice, Section 19.01. This classification is important in determining what parties may and what parties must be before the court in the light of the pertinent language of Section 51 of the Judicial Code

which reads as follows: "* * * but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant".

Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, deals with necessary—or conditionally necessary—and indispensable parties. Indispensable parties must be before the court; necessary parties must also be before the court unless the conditions in subdivision (b) of Rule 19 are satisfied. Rule 19(b) reads: *"Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

Thus, the question here is: Are the three trustees indispensable or necessary parties? If they are indispensable parties, this court must dismiss the action because of lack of venue, Loomis and Palmer not being sued in the district of their residence. Judicial Code, § 50, 28 U.S.C.A. § 111. If they are merely necessary parties, since defendants Palmer and Loomis are not subject to the jurisdiction of this court because of lack of venue—all the defendants not being residents of this district— (Camp v. Gress, supra), it is within the discretion of this court to proceed with the action. Rule 19(b), supra.

The leading case which states the rule with respect to indispensable parties is Shields et al. v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. The court there said, in dealing with parties not before the court: "* * * if their interests are separable from those of the parties before

the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties". See Ducker v. Butler et al., 70 App.D.C. 103, 104 F.2d 236, 238; State of Washington v. United States et al., 9 Cir., 87 F.2d 421; and Wyoga Gas & Oil Corp. v. Schrack et al., D.C., 27 F. Supp. 35. In Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 80, 41 S.Ct. 39, 41, 65 L.Ed. 145, the court said: "There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not". Moore's Federal Practice, Section 19.03, states that joint obligees are indispensable parties because the only promise that was made or duty created was a single joint one. Cf. Caylor v. Cooper et al., C.C., 165 F. 757, where a trustee, who claimed the funds of the trustee estate, was deemed an indispensable party. Moore goes on to state, Section 19.03, that: "Even where such a community of interest exists, however, if a decree can be rendered satisfactorily concluding the controversy between the parties before the court and not affecting the interest of the absent party, the absent party will be merely necessary, and need not be joined if that requirement would prevent the maintenance of the suit". The language in the above authorities seems to be decisive of the present controversy.

■ What we have in the case at bar is simply this: Three trustees in bankruptcy with only one of them a resident of the state in which suit has been brought. If one looks at the situation realistically, the inevitable conclusion must be that the plaintiff will never be able to sue in a district where all three trustees are residents. Judge Hulbert, on December 4, 1941,[1] decided that the plaintiff's cause of action, originally brought against the railroad in the Southern District of New York, is against the trustees and not against the railroad, because of the bankruptcy proceedings. I agree with this ruling. The trustees now have title to the debtor's property (Section 77, sub. c(2); they are in control; if any one is guilty of negligence, they are, and not the debtor. See Detwiler v. Chicago, R. I. & P. Ry. Co. et al., D.C., 15 F.Supp. 541, 542; Levin v. Missouri Pac. R. Co., La.App., 2 So.2d 99, 100. If this court decides that Palmer, Loomis, and Sawyer are indispensable parties, the plaintiff has no means of gaining redress for the alleged wrong in a suit in a federal district court based on diversity.

It does not seem equitable or just that such a situation should exist under the circumstances here where all trustees represent the same identical interests. A court could proceed with this particular action and do complete justice without affecting the interests of Palmer and Loomis who are not before the court. Trustee Sawyer can adequately represent any interest the latter may have. The trustees are not personally liable; there is no joint and several liability. They are merely liable in their official capacity. A judgment against Sawyer will not affect the interests of Palmer and Loomis. In reality this is a suit against the estate in the hands of the trustees and judgment against Sawyer, if one is obtained, will be merely a charge upon the estate, and not against the trustees. McNulta v. Lochridge, supra; Vass v. Conron Bros. Co., 2 Cir., 59 F.2d 969, 970; Archambeau v. Platt, supra.

■ In the absence of any hard or fast rule as to who are indispensable parties, it is the conclusion of this court that trustees Palmer and Loomis are not indispensable parties. Complete and final justice can be done in this court by holding them to be necessary parties and exercising the discretion reposed in the court by Rule 19(b).

It is plain that the trustees do not do business in the district of the residence of the plaintiff, and this suit, based on diversity, could not be brought in the district of the residence of the plaintiff—California—for lack of jurisdiction; and to hold that the three trustees could not be sued in Massachusetts or in a Connecticut district court, if the trustees were sued there, would mean that under circumstances such as we have here, the defendants would be immune from a diversity suit in a federal district court.

The motion to dismiss the action for lack of venue is denied.

■ The contention that this court should decline jurisdiction under the doctrine of forum non conveniens is rejected. The defendants will not be inconvenienced to any appreciable extent if the action is tried in this court; the state of Connecticut is relatively close to the Commonwealth of Massachusetts. The argument that public convenience and necessity in time of war

demands that the cause be heard in Connecticut rather than Massachusetts is likewise rejected. See Baltimore & Ohio Railroad Co. v. Kepner, 314 U.S. 44, 62 S. Ct. 6, 86 L.Ed. 28, 136 A.L.R. 122.

In accordance with Local Rule No. 13, the plaintiff will give security for costs in the amount of $200.

No opinion filed.