## ZIEGLER v. PITNEY et al.

### No. 179.

Circuit Court of Appeals, Second Circuit.

Dec. 24, 1943.

Jules Chopak, of New York City, for plaintiff-appellant.

Donovan, Leisure, Newton & Lumbard, of New York City (James R. Withrow, Jr., and Jerome H. Doran, both of New York City, of counsel), for Walter P. Gardner, defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff brings this action as administratrix of the estate of her infant daughter Marian Ziegler to recover damages from the defendants individually, resulting from the injuries and death of the daughter who, while walking on the tracks of the Central Railroad of New Jersey, was struck by a train that was operated in a negligent and reckless manner by the employees of defendants who were at the time in possession of the road as trustees in re-

organization. There is no allegation of misconduct on the part of the defendants nor any charge that they selected improper employees or in any way participated in any negligent acts of the latter. The claim is based on the theory that trustees appointed in a reorganization proceeding instituted under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., who are authorized to run a railroad are, because of the doctrine of respondeat superior, liable for the negligence of their agents. Such appears to be the ordinary rule as to the personal liability of a common law or testamentary trustee. American Law Institute Trusts, § 264. But receivers and trustees appointed under the Bankruptcy Act and authorized to conduct business on behalf of an estate in reorganization are by the weight of authority only liable as receivers or trustees, and not individually except in cases where they act outside their authority. In McNulta v. Lochridge, 141 U.S. 327, 12 S.Ct. 11, 13, 35 L.Ed. 796, where an action had been brought against a receiver of a railroad to recover damages for the death of plaintiff's intestate at a railroad crossing, the Supreme Court said: "Actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands." Cf. Texas & Pacific Railway Co. v. Cox, 145 U.S. 593, 12 S.Ct. 905, 36 L.Ed. 829. The decisions of the Supreme Court of Massachusetts in Wood v. Comins, 303 Mass. 367, 370, 21 N.E.2d 977, 123 A.L.R. 454, and of the New York Court of Appeals in Cardot v. Barney, 63 N.Y. 281, 20 Am.Rep. 533, are to like effect. McRanie v. Palmer, D.C.Mass., 2 F.R.D. 479, 481; Rosso v. Freeman, D.C.Mass., 30 F.2d 826, 828. There can be no doubt that under § 125, Title 28 of the United States Code Annotated, a receiver or trustee of any property, acting in a case like the present, may be sued as such "in respect of any act or transaction of his in carrying on the business connected with such property." Vass v. Conron Bros. Co., 2 Cir., 59 F.2d 969; McGreavey v. Straw, 90 N.H. 130, 5 A.2d 270; Stephens v. Walker, 217 Ala. 466, 117 So. 22; Cline v. Powell, 141 Fla. 119, 192 So. 628. While it may be that some of the decisions sustaining an action against a receiver or trustee as such do not in terms forbid actions against them in their individual capacity, we can see no reason for sanctioning the prosecution of such actions except where they have acted ultra vires their authority.

 It is evident from the form of the complaint in the present action that it is against the trustees as individuals, and that it accordingly must fail for the reasons we have mentioned. The statement is made in appellee's brief, and is nowhere challenged, that the plaintiff has begun another action against the defendants "in their capacities as trustees of the railroad", based upon the same facts as those alleged in the instant case, and that such action is still pending in the District Court for the Southern District of New York. Under the circumstances it is evident that the complaint in the case at bar was properly dismissed without granting leave to amend.

Judgment affirmed.