**CHILTON MALTING CO. v. GRIGGS.**

Civ. A. No. 772-49.

United States District Court.
D. New Jersey.

Sept. 25, 1950.

Meyers & Lesser, Newark, N. J., for plaintiff.

William Harris, Newark, N. J., for defendant.

FAKE, Chief Judge.

Issues are raised here on motions directed to the sufficiency of the complaint.

 The first count of the complaint alleges that defendant was authorized to borrow sums of money as trustee in the above entitled matter, not to exceed $10,000 for expenses incidental to the normal operation of the business; such borrowing to be evidenced by trustee's certificates of indebtedness. It is further alleged that defendant operated the business by the use of credits far in excess of the amount authorized by certificates, and that in so doing, he disregarded the limitation of the court order. It is my thought that the limitation of $10,000 in the court order had reference to cash borrowing only, and was not intended to limit the trustee in obtaining credit in the purchase of supplies. The order appointing the trustee authorized him "* * * to purchase or otherwise acquire for cash or on credit such materials and supplies as he may deem necessary and advisable in the connection of the operation of said business and the management and preservation of said property;

* * *." There being no $10,000 limitation as alleged, this count fails to state a claim upon which relief can be granted. The motion to dismiss it is therefore granted.

As to the second count; insofar as it is repetitious of the first count, such allegations are stricken. When analyzed, the paragraphs in this count fall under two classifications; thus requiring separate consideration.

 In the second paragraph of this count, and as well the ninth paragraph, the cause of action or claim is founded upon the theory that it was unlawful and beyond the scope of the trustee's authority for him to incur indebtedness beyond that which might be liquidated by normal operation of the business. Such a narrow approach fails to take into account other assets of the estate, such as real estate, machinery, and potential values as a going concern, which are subject to administrative expenses and which the trustee is authorized to consider in incurring indebtedness. If this were not so, few indeed would ever serve the court as trustees and immediate liquidation would be the absolute rule. Paragraphs two and nine of the second count are therefore stricken.

 The other classification in the second count deals with a claim or cause of action based upon the alleged liability of the trustee for the acts of an agent. That a trustee cannot delegate authority to an agent to bind the estate under the conditions alleged in this count is well established, and here plaintiff was put on actual notice that it was dealing with a trustee as such, from which it would follow that unless the allegations disclose actual specific instructions by the trustee to his agent to offend by exceeding his authority as here charged, the trustee cannot be held personally liable under the count. Ziegler v. Pitney, 2 Cir., 139 F.2d 595. No such actual specific instructions are alleged, hence no claim or cause of action is disclosed. It is my thought that the gist of the matter under this classification is actually fraud and deceit, and Rule 9(b) Federal Rules of Civil Procedure, 28 U.S.C.A., should be followed.

If the agent, referred to in the pleadings, is the attorney appointed for the trustee, and I believe he is, then considering the issue as between plaintiff on one side and attorney and client on the other, the attorney here, could not bind his client to the extent alleged, in the absence of express authority. See 7 C.J.S., Attorney and Client, § 79.

This count is bad and will be stricken, however, counsel for plaintiff will be allowed ten days within which to amend, bearing in mind, the obligation resting on counsel under the provisions of Rule 11 of the Federal Rules of Civil Procedure.