The B., C. R. & N. R. Co. v. Verry et al.

1. **Railroads: JUDGMENT FOR PERSONAL INJURIES: LIEN.** Section 1309 of the Code, making judgments for personal injuries prior to the liens of mortgages and trust deeds, cannot be extended to embrace claims for such injuries, even though actions therefor be pending, and the purchaser of a railroad takes it free from such claims, unless the same have been prosecuted to judgment.

*Appeal from Benton District Court.*

THURSDAY, JUNE 6.

THE averments of the petition in this action, so far as necessary to an understanding of the questions involved, are in substance as follows:

The plaintiff, a railway corporation, was organized in June, 1876, and owns and operates a railroad from Burlington, Iowa, northwardly through Benton county, to the Iowa State line. Prior and subsequent to May, 1869, the Burlington, Cedar Rapids & Minnesota Railway Company constructed, owned and operated, as an entirety, said line of railroad, and continued to own and operate the same until May, 1875.

In May, 1869, the last named company executed a mortgage upon said line of road, including its franchise, right of way, road-bed, station houses, depots, rolling stock, etc., to secure the bonded indebtedness of said company, amounting in the aggregate to five and a half millions of dollars, which money was used in payment for the construction and equipment of said line of railroad.

In May, 1875, the said Burlington, Cedar Rapids & Minnesota Railway Company having made default in the payment of the interest on its bonded debt, upon the petition of the trustees named in said mortgage, all its property, including road-bed, rolling stock, station houses, etc., etc., was, by the decree of the United States Circuit Court, placed in the hands of a receiver for the use and benefit of the holders of the mortgage bonds, and in October, 1875, said property was, by the decree of said court, ordered to be sold.

On the 22d day of June, 1876, said property was sold under said decree of foreclosure to a committee who purchased the same for the benefit of all the bondholders, and on the 26th day of the same month, the said committee having assigned their bid and purchase to the plaintiff, said property was conveyed to the plaintiff in the same trust.

It is averred that, by virtue of said decree of foreclosure, and the sale and conveyance in pursuance thereof, plaintiff became the absolute and unqualified owner of all of said property, free and unincumbered, and its title thereto, and its rights and equities therein relate back to the date of said mortgage in 1869.

On the 3d day of June, 1873, the defendant Ernest Verry commenced his action against the Burlington, Cedar Rapids & Minnesota Railway Company, claiming damages for a personal injury received while in the employment of said company, in operating said road. Such proceedings were had in said action that, on the 15th day of March, 1877, said Verry recovered a judgment against said company, in the Benton District Court, for five thousand dollars. Said action was by ordinary proceedings, and the said last named company was the sole party defendant therein. The said Verry, without further proceedings, caused an execution to issue upon said judgment, and levied the same upon the depot and station grounds of plaintiff, including the railroad tracks thereon, situated at Vinton, in said Benton county, and certain of its rolling stock, while passing through said county.

It is further averred that said judgment is not a lien upon said property, and that the same is not liable to seizure upon said execution, and that plaintiff owns the same absolutely and unincumbered.

It is prayed that the defendant Smith, who is sheriff of Benton county, be enjoined from proceeding to advertise and sell said property in satisfaction of said judgment.

To this petition there was a demurrer, upon the ground that the statement of facts therein contained was not sufficient to entitle plaintiff to an injunction, nor to the relief prayed for.

The demurrer was sustained, and, the plaintiff refusing to plead over, the petition was dismissed.    Plaintiff appeals.

*J. & S. K. Tracy*, for appellant.

*I. M. Preston & Son* and *N. M. Hubbard*, for appellee.

ROTHROCK, CH. J.—I.    Section 9 of the act of the General Assembly of this State, passed April 8, 1862, was in these words:    "Any judgment recovered against any railroad company in this State, for any injury to persons or property, shall be a lien, within the county where recovered, on the road, and real or other property of such company, and shall be prior and superior to the lien of any mortgage or trust deed which may be hereafter executed, except liens for taxes."

*1. RAILROADS: judgment for personal injuries: lien.*

This section was slightly modified and incorporated in the Code of 1873, as follows:    ."A judgment against any railway corporation, for any injury to any person or property, shall be a lien, within the county where recovered, on the property of such corporation, and such lien shall be prior and superior to the lien of any mortgage or trust deed executed since the 4th day of July, 1862."    Code, § 1309.

Under the provisions of this statute a railway company may execute a mortgage upon its property, and a judgment for a personal injury sustained after the recording of the mortgage will be a lien prior and superior to the lien of the mortgage.

The purchaser of railroad mortgage bonds is required to take notice that his lien, although prior in time, must be postponed to judgments for injuries to person or property occurring at any time after the execution of the mortgage.

If Verry had recovered his judgment against the Burlington, Cedar Rapids & Minnesota Railway Company before the conveyance of its property to the plaintiff, by the foreclosure deed, there is no doubt the lien of the judgment would have been prior and superior to any right the plaintiffs have in the property. But we do not think a right of action, or an action pending, is a lien under this statute. It expressly provides that the *judgment* shall be a lien prior and superior to the mortgage. There is no lien until judgment. The statute makes the judgment a prior lien "on the road, and real or other property of such company," and "on the property of such corporation."

When the judgment was rendered—that is, when the point of time arrived at which the statute declares there shall be a lien—the Burlington, Cedar Rapids & Minnesota Railway Company had no property to which the judgment could attach as a lien. The title to all its property had passed to the plaintiff herein several months before that time.

It will not do to hold that the plaintiff was bound to take notice of the pendency of Verry's action. There is nothing in the statute charging plaintiff with such notice. As against the plaintiff, Verry must have a lien, if any, by virtue of his judgment, and not by reason of having an action pending when plaintiff became the owner of the property.

It is said by counsel for appellee that this statute "should be construed to mean the road and property owned by the corporation *when the injury happened,* and which was subject to a mortgage."

The difficulty under which appellee labors is that such a construction would be in plain and palpable violation of the unequivocal and explicit language of the statute, which excludes the idea of the *claim* being a lien.

It must not be forgotten that the action was purely personal. The Burlington, Cedar Rapids & Minnesota Railway Company was the sole defendant, and no relief was asked but a judgment. Third parties were, therefore, not bound to take notice of the pendency of the action, and before judgment had the right to purchase the property of the defendant in the action clear of any lien.

We think the demurrer to the petition should have been overruled. As this disposes of the case, it is unnecessary to examine the other questions argued by counsel.

REVERSED.