Marcus Brockert v. Iowa Central Railway Company, Appellant.

**Railroads: Liability of Successors.**   Where a judgment is rendered against a railroad and its receiver after title has passed to another company, the latter is not liable for the judgment, though the property was not actually turned over until after the rendition of the judgment.   In the absence of an application to the court that appointed the receiver, to have moneys in his hands applied to pay the judgment, it is not material that he turned over more than enough money to have paid it, to the new company.

*Appeal from Louisa District Court.*—HON. A. R.
·DEWEY, Judge.

WEDNESDAY, DECEMBER 19, 1894.

Action in equity to compel the payment of a judgment. Trial to the court, and decree for plaintiff.
Defendant appeals.—*Reversed.*

It appears that one Dudley was a receiver of a railroad, under the appointment of the United States Circuit Court in Iowa, in a case pending therein wherein the Central Trust Company was plaintiff and the Iowa Central Railway Company was defendant. Said Dudley was appointed as such receiver of the railway now owned by this defendant in December, 1886, and during the same month there was killed upon said railway an animal belonging to the plaintiff, for the value of which he brought suit against the Iowa Central Railway Company and the receiver, and recovered a judgment, which upon an appeal was reversed. (39 N. W. Rep. 871.) Upon a second trial, he again recovered a judgment, on April 6, 1889, against said parties, which on appeal was affirmed. (47 N. W. Rep. 1026.) That the mortgage which was being foreclosed in said cause in the federal court was executed after July 4, 1862, and the holders of the bonds secured thereby made an arrangement by which the Iowa Central Railway Company was organized; and it afterward became the owner of the railway property under such foreclosure proceedings, and on May 28, 1889, the receiver turned over the property in his hands to the new company, and was discharged, though the title to said property, under the foreclosure proceedings, had passed to the new company long prior to the time of the rendition of plaintiff's judgment. When the receiver was discharged, he turned over to the new company a large

sum of money; and the company has, since said receiver's discharge, collected large sums of money which were earned by the railway during said receivership, said sums being more than sufficient to pay plaintiff's judgment. It is claimed by plaintiff that said money thus turned over, as well as said money so collected is a trust fund, out of which his judgment should be paid. It is also alleged that defendant company promised to pay this judgment. The answer admits the judgment, the receivership, and that the receiver turned over property to defendant, but denies that it agreed to pay plaintiff's judgment. The evidence, which was undisputed, showed that the receiver, when he surrendered the property, turned over to the defendant over one hundred and thirty-five thousand dollars, and that, in the operation of the road by the receiver, there was a large surplus of receipts over the expenditures; that, after the defendant came into possession of the property, it collected over fifty-eight thousand dollars, being a balance due upon the receiver's books. There was a decree below for the plaintiff, from which defendant appeals.—*Reversed.*

*Anthony C. Daly, Theo. F. Bradford,* and *D. N. Sprague* for appellant.

*Blake & Blake* for appellee.

Kinne, J.—I. We think it appears from the pleadings that the defendant herein acquired title to the property of the Iowa Central Railway Company prior to the date of the rendition of plaintiff's judgment against the receiver. The sale appears to have been made long before the judgment was rendered, but the receiver's accounts were not settled, and a formal order made releasing him, and turning over the property in his hands, until after the judgment had been rendered.

The order of the court made in pursuance of the sale in part reads as follows: "Forthwith deliver and turn over to the said Iowa Central Railway Company the possession of the railways and premises and property, of every name and nature and description, real as well as personal, in his possession as receiver of the Iowa Central Railway Company, the defendant in this action." The case then, under the facts presented, seems to us, in principle, to be like, and to be ruled by, the cases of *Railroad Co. v. Verry*, 48 Iowa, 458, and *White v. Railroad Co.*, 52 Iowa, 97, 2 N. W. Rep. 1016. It was held in those cases that there was no lien under the statute until judgment was rendered; and if, prior to that time, the title to the property had passed to another company, there was nothing to which a lien could attach. That third parties were not bound to take notice of the pendency of the action, and could, before judgment, purchase the property of the defendant in the action, free from any lien. This defendant having taken title to the property of the Iowa Central Railway Company prior to the rendition of plaintiff's judgment, the judgment never became a lien upon the property. It is insisted, however, that, while that may be true, that a court of equity should follow these funds above mentioned, and charge them with the payment of this judgment. If the funds in the hands of the receiver, after the recovery of plaintiff's judgment, were available for the payment of the same, as they doubtless might have been under the orders of the court appointing the receiver, it was plaintiff's duty to have made proper application to the federal court for the payment of his judgment. Having failed so to do, we do not think he can now be heard to say that he should have a decree requiring defendant to pay him. When it took title to the property, it took the funds in the receiver's hands, as well as the right to collect and appropriate what was

due him as receiver, as fully as it took title to the railway itself. True, its right to the funds in the receiver's hands was subject to the right of the court appointing him to appropriate so much of the same as might be necessary in liquidation of the indebtedness of the receivership; but in all other respects, and as to all other persons, the title was absolute in the new company as to a claim like plaintiff's, which was not reduced to judgment until after it took title to the property. The claim that the defendant agreed to pay this judgment was denied, and no evidence of such an agreement was adduced. We need not discuss the rules of law applicable to trust funds, as we do not think they apply to the case as made here. See *Sloan v. Railway Co.*, 62 Iowa, 728, 16 N. W. Rep. 331; *Jeffrey v. Moran*, 101 U. S. 285; *Wiggins Ferry Co. v. Ohio & M. Ry. Co.*, 12 Sup. Ct. Rep. 191. The decree below must be *reversed*.