WILLIAM WINTER, Appellant, v. THE IOWA CENTRAL RAILWAY COMPANY.

**Railroad Mortgage:** JUDGMENT LIEN: *Priorities.* Code 1873, section 1309, made a judgment against a railroad company for injuries, a lien on the property of the corporation situated in the county where the judgment was obtained, superior to mortgages or trust deeds executed since July 4, 1862. Plaintiff obtained a judgment against a railroad company before a decree foreclosing a mortgage on its property, given since such date, was rendered. The judgment was afterwards reversed, and a new trial had, but the property was sold before the recovery of a second judgment. *Held,* that the judgment was not a lien on such property.

SAME. Where a decree foreclosing a mortgage on railroad real estate provides that it shall not affect liens or equities on the property prior to the mortgage foreclosed, but that the property be sold, and the proceeds applied to the payment of such preferred claims, the proceeds take the place of the property, and the latter cannot be subjected to the payment of a judgment for injuries subsequently rendered in an action then pending, which, under Code 1873, section 1309, would have been a lien superior to the mortgage, if rendered before the decree of foreclosure.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

SATURDAY, MAY 12, 1900.

PLAINTIFF, a judgment creditor of the Central Iowa Railway Company, brings this action for decree declaring said judgment to be a lien as against the defendant upon the track, right of way, depot grounds, buildings, and appurtenances of said railway in the county of Cerro Gordo. The issues will appear in the opinion. Judgment was rendered dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*H. C. Hemenway* and *J. J. Clark* for appellant.

*Blythe, Markley & Smith* for appellee.

GIVEN, J.—I.   The Central Iowa Railway Company formerly owned and operated the railway of which the property in question was and is a part.   On the third day of March, 1885, this plaintiff commenced an action in the district court of Cerro Gordo county against that company to recover damages for personal injuries, and on a second trial on the fourth day of February, 1899, he recovered judgment for two thousand dollars, which remains unsatisfied.   On the fifteenth day of July, 1879, said company executed its mortgage upon its railway, including the property in question, which mortgage was foreclosed by decree rendered in the circuit court of the United States, Southern district of Iowa, May 24, 1887, in an action commenced December 1, 1886, to which this plaintiff was not a party.   On the seventeenth day of September, 1888, said entire railway property was sold under said decree to James Thompson on behalf of the holders of the mortgage bonds, which sale was approved, and deed ordered.   Mr. Thompson having assigned his bid to the Iowa Railway Company, a deed was made to that company May 5, 1879, and recorded December 19, 1888.   On the first day of August, 1888, said Iowa Railway Company conveyed to the defendant, which deed was also recorded December 19, 1888, and the property has, ever since said conveyance, been owned and operated by the defendant company.   The decree of foreclosure is quite lengthy, and need not be set out in full.   It is sufficient that we notice those parts bearing upon the points to be considered.

II.   Section 1309 of the Code of 1873 is as follows: "A judgment against any railway corporation for any in-

jury to any person or property, shall be a lien within the county where recovered on the property of such corporation, and such lien shall be prior and superior to the lien of any mortgage or trust deed executed since the fourth day of July, A. D. 1862." This court has held that a right of action, or an action pending, is not a lien under said section; that it is judgments alone that may become liens thereunder. *Railroad Co. v. Verry,* 48 Iowa, 458; *Brockert v. Railway Co.,* 93 Iowa, 132. It will be observed that said mortgage was foreclosed, and the property sold and conveyed, prior to the time plaintiff obtained his judgment. True, on the first trial in February, 1887, which was before the decree and sale, plaintiff recovered a judgment, but it was reversed, and a new trial granted. Therefore it is as if no such judgment had been rendered. Counsel for plaintiff concede that, if the decree sale and conveyance were "an unqualified sale and change of title and ownership," plaintiff is not entitled to a lien, but they rely upon certain provisions in the decree as showing that an unqualified sale was not ordered and made, and that the rights of the creditors of the Central Iowa Railway Company were reserved to them in the property. They do not claim that the doctrine of *lis pendens* applies, but insist that the pendency of their action for damages, and the fact that a judgment therein would become a lien under the statute, shows that the claim now made is not inequitable. We are clearly of the opinion that the plaintiff had no lien at the time of the decree, sale, and conveyance, and that he is not now entitled to a lien, unless that right is reserved to him in the decree.

III. The decree of foreclosure is not set out in full, but sufficient of it for the purpose of the question to be considered. The mortgage was upon the entire property, and was foreclosed as to "all property, rights, or interests conveyed thereby," and the property rights and interest conveyed ordered sold as an entirety, without appraisement or

redemption, and it was thus sold. The decree contains the following: "And it is further adjudged and decreed that the purchaser or purchasers of the property herein decreed to be sold shall be invested with and shall hold, possess, and enjoy the said mortgaged premises and property herein decreed to be sold, and all the rights, privileges, and franchises appertaining thereto as fully and completely as the said Central Iowa Railway Company, defendant herein, now holds and enjoys, or has heretofore held and enjoyed, the same; and, further, that the said purchaser or purchasers shall have and be entitled to hold said railroad and property free and discharged of and from the lien of the said main line mortgage hereinbefore mentioned, and from the liens of the consolidated mortgage dated June 1, 1884, and from the claims of the parties to this suit, and of all persons in any manner represented by any party to this suit, subject, however, to the reservation hereinafter made and contained. * * * . And it is further provided that this decree shall not affect the rights of any parties not herein expressly adjudicated, claiming right or equity in and to the property embraced herein prior to those of the first mortgage bondholders; nor shall any such decree affect the rights of any party or parties claiming liens by judgment, statute, or otherwise, or claiming equities or rights in or to said property, or any part thereof, or claiming the right, either at law or in equity, to subject said property, or any part thereof, to payment of their claim or demand, but the right is expressly reserved to allow such parties to hereafter intervene herein for the protection and enforcement of their rights and equities, including all parties in whose favor causes of action may arise against the receiver of said property up to the time the said receiver may be finally discharged; and for the purpose of hearing and determining all such matters and enforcing satisfaction of all orders and decrees thereon rendered the court expressly reserves full jurisdiction of this cause and the property

included in this decree." It was ordered that the proceeds of the sale be applied to certain purposes, including the following: "*Third*. The payment of such claims, if any, as the court may decide to be prior in equity to the said outstanding main line bonds and coupons." The sale and conveyance were made in conformity with the decree, and, as we understand it, vested the purchaser with all the title and interest of the Central Iowa Railway Company, free of incumbrances, and reserved to those having legal or equitable liens to come into that court, and assert their rights to share in the proceeds of the sale. The decree is only thus qualified, and, the proceeds taking the place of the property, the sale and conveyance were without qualification. The reservations in the decree are as to those having legal or equitable liens or claims against the receiver. The plaintiff had no legal lien, and, as his right to a lien is purely statutory, he could not have an equitable lien, and is not, therefore, within the reservation provided in the decree. When this decree was rendered, and sale and conveyance made, the plaintiff was in the same position as any other creditor of the Central Iowa Railway Company whose claims, when reduced to judgment, would become liens upon what that company might then own.

Question is made that the plaintiff should have gone into the federal court to seek relief. As we are of the opinion that he is not entitled to the relief prayed, we do not consider this question. The decree of the district court is AFFIRMED.

SHERWIN, J., took no part.