S. C. JOHNSTON, Appellant, v. J. M. AMOS AND WM. ROBUCK.

**Receivers:** PRIVITY: *Liability for rental.* A receiver, having surrendered possession of leased premises occupied by him pending the receivership, is not liable for 'rent accruing thereafter, since no privity of estate to make him chargeable could exist unless he took the title held by the lessees, and he acquired none by the receivership.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 9, 1901.

THE plaintiff leased certain premises to the firm of Johnston & Son for the term of one year. Johnston & Son afterwards mortgaged the stock of goods therein to the defendant Robuck, who took possession of the stock under his mortgage, and of the premises, and continued such possession until the defendant Amos was appointed receiver of the stock, and put in possession thereof. This action is brought against Amos personally and against the defendant Robuck to recover rent which accrued under the contract of lease after they had surrendered the premises to the plaintiff. There was a directed verdict for the defendants, and judgment thereon. The plaintiff appeals.—*Affirmed.*

*Crozier & McCormack* for appellant.

*Hays & Amos* for appellees.

SHERWIN, J.—The rent due for the leased premises while occupied by the defendant Amos as the agent of Robuck, and while occupied by him as the receiver of the mortgaged stock, has been fully paid, and the only question for us to determine is whether he is liable for the rent accrued for the balance of the term. If liable at all, it must be because of the privity of estate created by his receivership, because there is no privity of contract. While he held possession as the agent of Robuck, it was with the consent of the plaintiff, to whom rent was paid, and for the express purpose of disposing of the stock as soon as possible for the satisfaction of the mortgage debt; and after his appointment as receiver thereof any liability as agent which the privity of estate may have created ceased, because the possession of the premises was then transferred to him as an officer of the court. As receiver he took no title to the property nor to the leasehold interest, because the statute does not so provide. Nor could the court appointing him convey title to him, because not authorized to do so. *Wilson v. Welch,* 157 Mass. 77 (31 N. E. Rep. 712). If he acquired no title to

the estate, it must follow, upon principle, that he cannot be held for the rent in question, for the reason that no privity of estate could exist unless he took the title which was held by the lessees. Bouvier Law Dictionary, 465, "Privity of Estate;" *Bell v. Protective League,* 163 Mass. 558 (40 N. E. Rep. 857, 28 L. R. A. 452, 47 Am. St. Rep. 481); *Gaither v. Stockridge,* 67 Md. 222 (9 Atl. Rep. 632, 10 Atl. Rep. 309); *United States Trust Co. v. Wabash Western R. Co.,* 150 U. S. 287 (14 Sup. Ct. Rep. 86, 37 L. Ed. 1085). That the plaintiff may have established his claim for rent by proper proceedings at the proper time we do not doubt, but the defendant as receiver can only be charged with the same during the time that he retained possession as such receiver. The judgment of the district court is AFFIRMED.