HANLON v. SMITH et al.

(Circuit Court, N. D. Iowa, E. D. December 9, 1909.)

No. 678.

1. RECEIVERS (§ 186*)—MANAGEMENT OF PROPERTY—ACTS OF RECEIVERS—NATURE OF LIABILITY—JUDGMENT.

The liability of receivers for their acts in the management of property placed in their custody by order of court is official, and not personal, except in cases of their individual or personal misconduct, so that a judgment against them is in effect a judgment against the property in their custody, and should only be made payable therefrom.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 374; Dec. Dig. § 186.*]

2. RECEIVERS (§ 186*) — ACTIONS—JUDGMENT—REPRESENTATIVE CHARACTER—STATUTES.

Act Cong. March 3, 1887, c. 373, § 3, 24 Stat. 554, and Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), authorizing suits against receivers appointed by United States courts without previous leave of court, does not change the character of their liability, nor authorize a personal judgment against them.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 374; Dec. Dig. § 186.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** RECEIVERS (§ 60*)—DISCHARGE—RELEASE OF LIABILITY.

Where receivers appointed by federal courts are unconditionally discharged, and the property in their custody is released or delivered to a purchaser pursuant to a sale thereof under a decree of court appointing them, their liability as receivers is terminated.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 105–107; Dec. Dig. § 60.*]

**4.** RAILROADS (§ 194*)—RECEIVERS—SALE OF PROPERTY—OBLIGATIONS OF RECEIVER—LIABILITY OF PURCHASER.

Where the property of a railroad was sold under order of court, and the decree of sale, deed, and order of confirmation provided that the purchaser as part of the consideration should assume and pay all the liabilities incurred by the receivers at any time before their final discharge in operating the road and reserved jurisdiction to retake the property and resell it for such liabilities, the purchaser's obligation to pay such claims can be enforced against it by the persons to whom the receivers were liable in an action at law in any court of competent jurisdiction at any time before the action is barred.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 651, 652; Dec. Dig. § 194.*]

**5.** RAILROADS (§ 194*)—RECEIVERS—OBLIGATIONS—REMEDIES.

The remedy of claimants against receivers of a railroad for injuries sustained in the operation of the road by the receivers, by filing a transcript of judgments recovered against receivers in the suit in which the receivers were appointed, is not exclusive, and does not relieve the purchaser at the receiver's sale of its personal obligation and agreement to pay such liabilities in accordance with the terms of the decree of sale, etc.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 655; Dec. Dig. § 194.*]

**6.** RAILROADS (§ 194*)—RECEIVERS—ACTIONS AGAINST RECEIVERS—PURCHASER—INTERVENTION.

Where a purchaser of a railroad at a receivers' sale bound itself as a part of the consideration to pay all liabilities incurred by the receivers prior to their discharge in operating the road, the purchaser was entitled to intervene in any action pending in which it was sought to establish a claim against such receivers, which it had assumed, and contest such claims and appeal from a decision relating thereto.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 655; Dec. Dig. § 194.*]

**7.** RAILROADS (§ 194*)—RECEIVERSHIP—ACTION AGAINST RECEIVERS—RECEIVERS' SALE—PURCHASER—PARTIES.

Where a purchaser of a railroad at a receivers' sale agreed as a part of the consideration to assume all liabilities of the receivers prior to their discharge in operating the road, the purchaser was a proper party to a suit against the receivers for injuries to a switchman while the road was being operated by the receivers, and was properly joined therein by an amended petition.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 655; Dec. Dig. § 194.*]

Action by John T. Hanlon against Charles H. F. Smith and another, as receivers of the Chicago Great Western Railway Company. Plaintiff filed an amended petition for joinder as a party defendant of the Chicago Great Western Railroad Company, purchaser of the property at a receivers' sale, which amendment defendants move to strike on the ground that the railroad company is not a necessary or proper party to the action, and, if made a party, there would be a misjoinder of parties and causes of action. Motion to strike denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

175 F.—13

John W. Kintzinger, for plaintiff.
Hurd, Lenehan & Kiesel and Carr, Carr & Evans, for defendants.

REED, District Judge. This action was commenced in the district court of Iowa in and for Dubuque county July 28, 1909, to recover of the defendants, as receivers of the Chicago Great Western Railway Company, damages for a personal injury alleged to have been sustained by plaintiff in February, 1909, while in their employ as a switchman in a yard of that company, in Dubuque, Iowa, because of their negligence in the operation of the railroad of the company, and in due time properly removed to this court. Since the removal the plaintiff has filed an amendment to his petition, in which he alleges, in substance, that since the action was commenced all of the property of the Chicago Great Western Railway Company that was in the custody and control of the defendants as such receivers has been sold under decrees of the courts appointing them to the Chicago Great Western Railroad Company, a corporation of Illinois, to whom the same has been deeded, and who in such deed has assumed and agreed to pay as a part of the purchase price of said property, besides other obligations, all liabilities incurred by said receivers at any time before their final discharge in operating said road, which includes their liability to the plaintiff for the injury sustained by him, that said property has been turned over by said courts pursuant to such sale and deed to said railroad company, and the receivers discharged from further service in connection therewith, and asks that said purchaser, the Chicago Great Western Railroad Company, be made a party defendant to this action, and that he have judgment against it for the damages so sustained by him, because of its assumption of, and agreement to pay, the liability of the receivers to him therefor. The defendants move to strike the amendment from the files upon the ground that the railroad company is not a necessary or proper party to the action, and, if made a party thereto, there would be a misjoinder of parties and of causes of action.

It appears from the records of this court in the suit of John A. Humbird et al. v. Chicago Great Western Railway Company, to which reference is made in support of the allegations of the amendment to the petition, that on January 8, 1908, the defendant Charles H. F. Smith and A. B. Stickney were appointed receivers of all of the property of every kind, nature, and description, wheresoever situated, of the Chicago Great Western Railway Company (an Illinois corporation then owning and operating a system of railroads in Illinois, Minnesota, Iowa, Nebraska, Kansas, and Missouri) by the Circuit Court of the United States for the District of Minnesota, Third Division, in a suit in equity brought in that court by said John A. Humbird et al. against said Chicago Great Western Railway Company; that ancillary proceedings were immediately instituted in this court, and in the several Circuit Courts of the United States in the various districts into which, or through which, lines of railroad of said company extend, and that said receivers were also appointed as such for all of the property and franchises of said company within this district and in said other districts; that they duly qualified as such and at once took possession

of all of the property of said company, including that within this district, and continued thereafter to operate the same and receive the income thereof under the orders of said courts until finally discharged as hereinafter stated. On January 1, 1909, said A. B. Stickney resigned as one of said receivers, and the defendant Horace G. Burt was appointed in his stead, and he thereafter continued to act as one of such receivers under the orders of the courts so appointing them. The order appointing such receivers authorized and directed them—

"to take immediate possession of said property, and to operate the railroad which is now operated by or in the interest of the defendant, and to collect and receive the income and tolls thereof and all the moneys due or to become due to said railway company. * * * "

It also contains a provision as follows:

"That for all liabilities incurred by said receivers in the operation of the railroads, or any of them, or the property hereby placed in their charge, each claimant may file an intervening petition in this cause, and have his demand adjudicated in this court, thereon. Judgments against the company, or against the receivers, or the properties upon demands which the receivers are by this order required to pay, not appealed from, will be audited and allowed upon filing a transcript of the same in the special master's office, of this court, and will be properly classified as adjudicated claims against the receivership; but nothing herein contained shall authorize the levy of an execution, or of any other writ or process, on the property in the hands of these receivers, or any interference whatever with their custody or possession of the same."

July 10, 1909, said Circuit Court of the United States for the District of Minnesota entered a decree authorizing the sale by the special master of all of the property of said company so placed in the custody of such receivers upon terms specified in said decree, and prescribed the notice to be given of such sale, which decree was also entered in this court on July 12th following, and contains, besides others, the following provisions:

"(1) It is further ordered, adjudged, and decreed that: * * *

"As a part of the consideration for the property purchased, the purchaser shall take the property and shall receive the deed therefor upon the express condition that, in addition to the sum bid therefor (which shall not be less than $12,000,000), the purchaser shall pay and discharge all the following claims.

"(a) [The costs and expenses of the suit and receivership.]

"(b) All indebtedness, obligations, or liabilities which by such receivers shall have been contracted or incurred in the operation or on account of the property of the said Great Western Railway Company, at any time before the same shall have been delivered to the purchasers, or in the discharge of their duties as receivers at any time before they are finally discharged.

"(c) and (d) [Specify certain debts and obligations of the Chicago Great Western Railway Company, not necessary to now notice.]

"The purchasers shall pay any of the claims described in clauses (a) and (b) which are established or unquestioned, and any disputed claims when allowed by the master without objection or by the court, and they shall pay to the master or into court the moneys required to discharge the same from time to time as the court may direct. * * *

"Jurisdiction of this cause and of said property is retained by this court for the purpose of enforcing the provisions of this decree; and the court reserves the right to reject any bid and to retake and to resell said property in case for a period of 30 days the purchasers shall fail to comply with any order of the court with respect to the payment of any such indebtedness, obligation, or liability.

"The purchasers shall have the right to enter their appearance before said

master or in this court or in any other court, and they or any of the parties to this suit shall have the right to contest any claim, demand, or allowance pending at the time of the sale and then undetermined, and any claim or demand which may arise or be presented thereafter, which, if allowed, would be payable by the purchaser or which would be chargeable against the property purchased under the provisions of this decree, and may appeal from any decision relating to any such claim, demand, or allowance. * * * "

It also appears that, pursuant to said decree, the franchises and all property of said Great Western Railway Company of every nature and description were on August 21, 1909, sold by the special master at public auction, after giving the required notice of such sale, and that the Chicago Great Western Railroad Company, an Illinois corporation, has succeeded to the rights of the purchasers thereof, subject to all the terms and conditions of said decree. Said notice of sale contains the following:

"(d) The purchasers or their assigns will take the property and receive the deed therefor upon the express condition that, in addition to the sum bid therefor, such purchasers shall pay and discharge all of the following claims, which are not paid by the amount bid, to wit: * * * also all indebtedness, obligations or liabilities which by such receivers shall have been contracted or incurred in the operation or on account of the property of said Chicago Great Western Railway Company at any time before the same shall have been delivered to the purchasers or in the discharge of their duties as receivers at any time before they are finally discharged. * * * "

And the master's report of such sale contains the following:

"In connection with said offer and before receiving any bids therefor, I did publicly announce that the said property was offered for sale, and would be struck off to the purchaser thereof, subject to the terms, conditions, reservations, and obligations in said decree contained, including those recited in the said notice of sale, Exhibit A hereto, and I did then and there specifically refer any and all intending bidders to the said decree of sale for more particular information in the premises." '

The sale of said property was duly confirmed by the decree of the courts on August 28, 1909, and said master directed to make a deed of all of said property to said Chicago Great Western Railroad Company as the purchaser thereof, but subject to all the terms and conditions of such decrees.

It further appears that on September 1, 1909, a deed of all the property of said Great Western Railway Company was made and executed to said Chicago Great Western Railroad Company by the special master pursuant to such sale and the decrees authorizing and confirming the same, which deed was duly approved by the courts and contains by reference thereto all the provisions of said decrees, and was so made to, and accepted by, said Chicago Great Western Railroad Company subject to all the terms and conditions thereof, a copy of which deed is attached to the amendment to the petition as an exhibit thereto; that afterwards, and on December 6, 1909, an order was duly entered discharging said receivers unconditionally.

The question presented by the motion to strike is: May the Chicago Great Western Railroad Company, the purchaser of such property under the circumstances stated, be joined and made a party defendant with said receivers in an action commenced against them prior to its purchase and the delivery to it of such property for a liability incurred

by such receivers while operating a railroad of the' Chicago Great Western Railway Company? A question closely related to the foregoing is: Does the discharge of the receivers relieve them from liabilities incurred while acting as such? The liability of receivers for acts done by them in the management of property placed in their custody by order of a court is official, and not personal, unless it may be in cases of their individual or personal misconduct, and an action or judgment against them is in effect an action or judgment against the property in their custody, and should be made payable therefrom only. McNulta v. Lochridge, 141 U. S. 327–332, 12 Sup. Ct. 11, 35 L. Ed. 796; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593–601, 12 Sup. Ct. 905, 36 L. Ed. 829; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815.

Section 3 Act Cong. March 3, 1887, c. 373, 24 Stat. 554, and of Act Aug. 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), provides:

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed so far as the same shall be necessary to the ends of justice."

While this section authorizes suits to be brought against receivers appointed by a court of the United States without previous leave of the court appointing them in any court of competent jurisdiction for liabilities incurred by them in managing the property in their custody, it does not change the character of their liability nor authorize a personal judgment against them. Their liability remains as before and the suit in whatever court brought, and the judgment against them therein, if any, must be against them as receivers, and should be made payable only from the property or funds in their custody. When, therefore, the receivers are discharged and the property in their custody is released and restored to its owner, or delivered to a purchaser pursuant to a sale thereof, under a decree of the court appointing them, it must be that their liability as receivers is at an end, for they are no longer officers of the court, and it has deprived them of the means whereby they could satisfy and discharge any judgment that might be rendered against them in their official capacity. In McNulta v. Lochridge, 141 U. S. 332, 12 Sup. Ct. 13 (35 L. Ed. 796), above, it is said:

"Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, and negligences are official and not personal, and judgments against him as receiver are payable only from the funds in his hands."

This necessarily implies that, when a receiver has delivered over the funds or property in his possession pursuant to the order of the court whose officer he is, his official liability ends with the termination of his official existence, and that a judgment against him thereafter is unauthorized. It is so held in Texas & Pacific Ry. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; s. c. 151 U. S. 81,

14 Sup. Ct. 250, 38 L. Ed. 81; Farmers' Loan & Trust Co. v. Central Railroad of Iowa (C. C.) 7 Fed. 537; Davis v. Duncan (C. C.) 19 Fed. 477; Brockert v. Iowa Central Ry. Co., 93 Iowa, 132, 61 N. W. 405; Johnston v. Robuck, 114 Iowa, 530, 87 N. W. 491; Archambeau v. Platt, 173 Mass. 249, 53 N. E. 816, and cases cited; Ryan v. Hays, 62 Tex. 47; Texas & Pacific Ry. Co. v. Watson (Tex. Civ. App.) 24 S. W. 952; Fordyce v. Du Bose, 87 Tex. 78, 26 S. W. 1050, even when a state statute authorizes such judgment.

It does not follow, however, that the property turned over by the receivers in this instance is discharged from liabilities incurred by them in operating the railroad while it was under their management. The rights of all persons having claims against them growing out of their management of the railroad have been carefully saved and fully protected by the orders and decrees of the court in the receivership suit. In the decree of that court for the sale of the property, also in that confirming the sale, the purchaser is required as part of the consideration to be paid for the property to assume and pay all liabilities incurred by the receivers at any time before their final discharge in operating the railroad in their custody; and the jurisdiction and right of the court is reserved to retake the property and resell the same for such liabilities if the purchaser shall fail to pay the same after they are finally established. The Chicago Great Western Railroad Company purchased this property and received its deed therefor and possession of the property from the receivers upon such conditions, and it thereby assumed such liabilities and expressly agreed to pay the same when established, and that obligation may be enforced against it by the persons to whom the receivers were liable in an action at law in any court of competent jurisdiction at any time before the action is barred. Lawrason v. Mason, 3 Cranch, 492, 2 L. Ed. 509; Union Life Ins. Co. v. Hanford, 143 U. S. 187–190, 12 Sup. Ct. 437, 36 L. Ed. 118; Texas & Pacific Ry. Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Texas & Pacific Ry. Co. v. Bloom, 164 U. S. 636, 17 Sup. Ct. 216, 41 L. Ed. 580; B. & O. R. R. Co. v. Burris, 111 Fed. 882–884, 50 C. C. A. 48; Johnson v. Knapp, 36 Iowa, 616–618; Sloan v. Central Iowa Ry. Co., 62 Iowa, 728, 16 N. W. 331; Knott v. Dubuque & S. C. Ry. Co., 84 Iowa, 462–468, 469, 51 N. W. 57; Beeson v. Green, 103 Iowa, 406, 72 N. W. 555; Follansbee v. Johnson et al., 28 Minn. 311, 9 N. W. 882. And see Street's Fed. Eq. § 2801 et seq.

True, under the decrees in the receivership suit, this plaintiff, if he recovers judgment against the railroad company, may file a transcript thereof in that suit, and have it enforced against the property turned over to the railroad company; but this remedy is not exclusive (Texas & Pacific Ry. Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81, above), and does not relieve the railroad company of its personal obligation and agreement to pay the liabilities of the receivers (Sloan v. Central Iowa Ry. Co., 62 Iowa, 728–733, 734, 16 N. W. 331). In Texas & Pacific Ry. Co. v. Bloom, 164 U. S. 636, 17 Sup. Ct. 216, 41 L. Ed. 580, above, it is indicated that, when in a receivership suit the property is sold and a fund thereby raised for the payment of liabilities of the receiver, resort must be had ordinarily to that fund for

the payment of such liabilities. In that case, however, the property was returned to its owner, the railway company, without any express undertaking or agreement upon its part that it would pay any of the liabilities of the receiver; but the company was held liable in an action at law for a liability incurred by the receiver upon the ground that its railroad had been largely benefited and increased in value because of improvements made by the receiver with net earnings of the road far in excess of his liabilities, which would otherwise have been available for the payment of such liabilities. Had the railroad company in that case, upon the property being restored to it, expressly assumed and agreed to pay the liabilities incurred by the receiver because he had expended the net earnings in excess of his liabilities in improving the road and for additional equipment, there can be no doubt, under the holding of the court, that it would have been held personally liable upon such undertaking. It was, in effect, so held because it had received the property back from the receiver in its improved condition, acquiesced in his discharge, and therefore impliedly obligated itself to pay the liabilities of the receiver to the extent of such betterments; and that the net result to it was the same whether it was required to pay such liabilities by an action at law or an equitable proceeding in the receivership suit against its property in its improved condition.

Under the terms of the decrees authorizing and confirming the sale of the Great Western Railway property, the Chicago Great Western Railroad Company as its purchaser has the right to enter its appearance in this action, or in any action pending in any other court in which it is sought to establish a claim against the receivers, which it has assumed and agreed to pay, and contest such claims, and it may appeal from any decision against it relating thereto. This right is necessary to its protection, and it probably could exercise it without this provision of the decree, for having agreed to pay such claims when established, unless it may appear in pending suits thereon and contest them, it may be adjudged liable therefor without an opportunity to defend against the claims, especially if judgment may be entered against the receivers therefor, which, if authorized, would be conclusive upon the court administering the property. Central Trust Co. v. St. Louis, etc., Ry. Co. (C. C.) 41 Fed. 551; Dillingham v. Hawk, 60 Fed. 494, 9 C. C. A. 101, 23 L. R. A. 517; St. Louis, etc., Ry. Co. v. Holbrook, 73 Fed. 112, 19 C. C. A. 385. The railroad company therefore is not only a proper party to this action, but it is to its interest as well as that of the plaintiff that it be made such; and it may be that the court should require it to be brought in if the plaintiff should not voluntarily do so (Code Iowa, § 3466), for a party cannot be divested of his rights in a proceeding to which he is not a party.

In Texas & Pacific Ry. Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81, above, the action was commenced in the state court against the receiver before his discharge. After his discharge, the railway company was brought in by an amendment to the petition, and judgment went against it for the liability incurred by the receiver,

and in favor of the receiver. In that case, however, the receiver pleaded his discharge, while in this they do not, and in this respect only does that case differ from this.

The conclusion therefore is that the motion to strike the amendment from the files should be denied, and it is accordingly so ordered.

