GEORGE MENDENHALL, Appellant, v. CHICAGO, GREAT WESTERN RAILROAD Co., Appellee.

Receivers: CONTRACT OF SALE: LIABILITY OF PURCHASER. Where the contract with the receiver for the purchase of a railroad provided that the purchaser should pay only such claims as were established or undisputed, or if disputed had been allowed by the master or court without objection, he was not chargeable for injuries received during the operation of the road by the receiver, in the absence of a showing that a cause of action had been allowed by the master or court, notwithstanding another general provision in the contract that the purchaser should discharge all obligations incurred by the receiver in the operation of the property as a part of the consideration therefor.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

WEDNESDAY, APRIL 10, 1912.

ACTION to recover damages for personal injuries received by plaintiff while upon a passenger train which was being operated by the receivers of the Chicago Great Western Railway Company. The defendant, the Chicago Great

Western Railway Company, is sought to be held as purchaser of the property from the receivers in virtue of its contract with the receivers. The trial court sustained a demurrer to the plaintiff's petition, and he appeals.—*Affirmed.*

*E. A. Lingenfelter,* for appellant.

*Carr, Carr & Evans,* for appellee.

DEEMER, J.—The Chicago Great Western Railway Company went into the hands of receivers pursuant to orders regularly made by United States Circuit Courts of the Northern and Southern Districts of Iowa. While a passenger on one of the trains which was being operated by the receivers under the orders of court, plaintiff received the injuries of which he complains. He brought his action against the Chicago Great Western Railway Company who purchased the railway from the receivers, claiming that said company agreed to pay all debts and liabilities incurred by the receivers while operating the road. His petition set forth the order and decree of the federal court approving the sale by the receivers to the defendant, from which we extract the following:

As a part of the consideration for the property purchased, the purchaser shall take the property and shall receive the deed therefor upon the express condition that, in addition to the sum bid therefor, the purchaser shall pay and discharge all the following claims which are not paid by the amount bid: . . . (b) All indebtedness, obligation, or liabilities which by such receivers shall have been contracted or incurred in the operation or on account of the property of the said Great Western Company, at any time before the same shall have been delivered to the purchasers, or in the discharge of their duties as receivers any time before they are finally dicharged. (c) All debts against the Great Western Company which prior to the

entry of this decree shall have been duly presented to the
master as provided by interlocutory decree, and which shall
have been, or shall be, duly allowed for payment by said
special master without objection, or by final order, judg-
ment, or decree of this court, as a valid debt of the Great
Western Company.  (d)   .   .   .   The purchasers shall
pay any of the claims described in clauses 'a' and 'b' which
are established or unquestioned, and any disputed claims
when allowed by the master without objection or by the
court, and they shall pay to the master or into court the
moneys required to discharge the same from time to time,
as the court may direct.   .   .   .   Jurisdiction of this
cause and of said property is retained by this court for the
purpose of enforcing the provisions of this decree.

Plaintiff's chief reliance is upon clause 'b' of the de-
cree.  If that stood alone, there would be no doubt of his
right to sue the defendant for the injuries received by him;
for it is apparent that such claim, if established, would be
an obligation or liability incurred by the receivers in the
operation of the railroad.  But it was further expressly
provided that claims of this class which were disputed, as
distinguished from those which were established or unques-
tioned, had to first be allowed by the master without objec-
tion, or by the court.  After that was done, the purchaser
agreed to furnish the necessary money to discharge the
same under the direction of the federal court.  No claim
is made that the plaintiff's cause of action has ever been
allowed by either the master or by any court, and it is diffi-
cult to see upon what theory plaintiff may recover his dam-
ages from the defendant.  It was in no manner responsible
for plaintiff's injuries, and it can only be held liable to
pay the same either by reason of some express contract or
by a decree properly rendered.  The only contract relied.
upon is that which we have quoted; and defendant's lia-
bility, if any, must be predicated thereon.  As that liability
was conditional, and plaintiff does not claim to have ful-
filled the conditions, it is manifest that he can not recover

from the defendant. As supporting these views, see *White v. Railroad,* 52 Iowa, 97; *Winter v. Railroad,* 111 Iowa, 342; *Brockert v. Railroad,* 93 Iowa, 132; *Railway Co. v. Verry,* 48 Iowa, 458; *Hanlon v. Smith* (C. C.) 175 Fed. 192, relied upon by appellant, is not in point.

Whether he has a remedy against any one else we need not determine, as that question is not before us.

The ruling seems to be correct, and it is *affirmed.*